1839.

Jermain
v.
Langdon.

---

### JERMAIN vs. LANGDON and others.

It is irregular for a complainant to proceed against a defendant, as an absentee, who is not in fact absent from or concealed within the state ; but who has, on the contrary, a fixed and notorious domicil in the state. And in such cases if the defendant applies the first opportunity after he has notice of the proceedings against him, and before a sale under the decree, he will be let in to defend of course, and without costs.

Where a defendant is proceeded against as an absentee he is entitled, of course, at any time before a sale under the decree, to come in and make his defence, if he has any, upon payment of such costs as the court may deem reasonable. In such cases, however, it is not necessary to vacate the decree in the first instance ; but the court may permit the decree to stand until it is ascertained that the defence set up by the defendant is valid, and may allow him to proceed in the mean time with his defence as if the decree had been opened or vacated.

THIS was an application on the part of Langdon and wife, two of the defendants, to set aside the order taking

the bill as confessed in this cause against the defendant, J. Langdon, with costs. The bill was filed to foreclose a mortgage given by J. Langdon to W. Hunt; which mortgage was afterwards duly assigned to the complainant. At the time of the giving of the mortgage Langdon and his wife resided in the state of New-Hampshire. They were therefore proceeded against as absentees. And an order for publication was obtained, upon an affidavit of the complainant's solicitor that he had taken out a subpœna against them but could not, after diligent search and inquiry, find them to serve the same; but that he was informed by the mortgagee and by the clerk of the county in which the mortgaged premises were situated that they lived at Portsmouth in New-Hampshire. The bill was afterwards taken as confessed for want of appearance pursuant to such order; and the usual decree for a sale of the mortgaged premises was entered, upon an affidavit that all the proceedings to take the bill as confessed had been regular. By the affidavit on the part of Langdon and wife, however, it appeared that about one year previous to the filing of the bill he removed with his family to this state, where he was residing at the time of the commencement of this suit and when the order for publication was obtained. It appeared from the correspondence between Langdon and the complainant that the former knew the fact that proceedings had been instituted to foreclose the mortgage, several months before the bill was taken as confessed; and that he had promised to pay up the interest in arrear and the costs, upon the doing of which the complainant had offered to stay the proceedings in the suit.

*J. Rhoades*, for the complainant.

*M. T. Reynolds*, for the defendants.

THE CHANCELLOR. It is not necessary to consider the question at this time, which was raised on the argument, whether a proceeding against a party as a non-resident,

who has a fixed and notorious domicil in this state at the time, is absolutely void as against him, for want of jurisdiction; where the order for publication has been obtained upon a proper affidavit showing that the defendant was a non-resident at that time. For if this proceeding as to Langdon is void for want of jurisdiction, he cannot be injured by a sale under this decree; as his rights in that case will be the same as if no such decree had been made. My present impression, however, is that the proceedings and decree would not be void for want of jurisdiction, but would be merely voidable for the irregularity. There can be no doubt, however, that it is clearly irregular to proceed against a party, as an absentee, who has a fixed and notorious residence in the state; and who is neither absent therefrom nor concealed so that process cannot be served on him. In such a case, therefore, if the defendant applies for leave to come in and defend the suit, the first opportunity he has after he is informed of the proceeding against him and before an actual sale to a bona fide purchaser under the decree, it will be a matter of course to permit him to come in and defend, without charging him with any costs. But in a case of mere unintentional irregularity, the party who wishes to take advantage of it must apply the first opportunity; unless he can satisfy the court that he has been deprived of some substantial right, either legal or equitable, in consequence of such irregularity. Here it is not alleged, in the papers upon which this application is founded, that the defendants have any defence whatever to the suit. And from the letters which are before me I presume the object of the defendants is mere delay. The motion to set aside the order to take the bill as confessed must therefore be denied with costs.

The defendants, however, if they have any defence in fact, are, by the statute, permitted to make it at any time before the premises are actually sold under the decree; in every case in which they are proceeded against as absentees. (2 *R. S.* 188, § 137.) The only restriction upon the

right is the payment of such costs as may by the court be deemed reasonable. And as the complainant proceeded against these parties as absentees, it does not lie with him to object that they were not so in point of fact. Where an absentee, however, comes in to stay the sale, under this provision of the revised statutes, it is not absolutely necessary that the decree should be opened, or vacated, before it is ascertained that the defendant has a valid defence. The court therefore may permit the defendant to put in an answer, where he applies after a decree has been entered, and may at the same time allow the decree to stand until the hearing and determination of the question as to the validity of the defence set up in the answer. Where the defendant is thus permitted to appear and put in his answer, after decree, the court upon the final hearing may either vacate the decree entirely, or may affirm or modify it as may be just and proper ; and the sale in the meantime will be stayed.

The defendant Langdon, therefore, upon entering an appearance for himself and wife and filing a bond with the register, within twenty days, with two sufficient sureties in the penalty of $250, to be approved of by a master in the usual form, conditioned to pay to the complainant such costs as may eventually be awarded to him in this suit against these defendants, is to be at liberty, at any time within forty days after service of a copy of the bill, to put in an answer to the same for himself and wife, in the usual form. And upon entering such appearance and filing such bond the sale of the premises under the decree is to be stayed until the further order of this court. But if they neglect to give such bond, or to put in their answer, within the time prescribed for that purpose the complainant may proceed under his decree.