ALEXANDER CHALMERS, in Equity, *versus* JOHN HACK & al.

It is the duty of the Court, when a want of jurisdiction is apparent on inspection, or is suggested by an *amicus curiæ*, at once to stay all further proceedings.

Where a resident in another State, having no property in this, is a plaintiff at law in a suit against the plaintiff in equity, it seems, that he is so far amenable to the jurisdiction of this Court that a bill of injunction may be entertained against him and that service of subpœna on his attorney in the suit at law, would be a good substituted service to subject him to the jurisdiction of this Court.

Independent of such an object, no bill could be sustained.

When the plaintiff in equity was defaulted in a suit at law against him and others, and filed his bill for an injunction to stay proceedings, alleging that the default was obtained by fraud, and that he had been unable to prepare for trial, the bill was dismissed — the plaintiff having an adequate remedy at law — as whatever would induce the Court to grant an injunction would be equally efficacious in inducing them to grant a new trial.

BILL in equity for an injunction to stay proceedings at law, and for a discovery and relief. None of the parties to the bill were residents of this State, at the time it was filed. The only service was by leaving a subpœna with Wm. P. Haines, who was the attorney of the defendant, Hack, in the action — the further proceeding in which this bill is brought to enjoin.

The facts upon which the complainant claimed to sustain his bill, are set forth in the opinion of the Court.

To this bill, W. P. Haines, denying that he appeared as the attorney to or by the authority of the defendants, and asserting that he appeared only in obedience to the summons of the Court, demurred in his own name for the causes following :—

Because both the parties to the bill were residents of other States, and had no property here — because the subject matter of this bill was pending before this Court as a court of law — because this is an attempt to try in equity, what has already been tried at law — and because the complainant has an adequate remedy at law.

The case was submitted to the Court upon written arguments.

*W. P. Haines,* in support of the demurrer. This Court has no jurisdiction, because the parties reside in other States, and have no property here. *Bissell* v. *Briggs,* 9 Mass. R. 462; *Hall* v. *Williams,* 6 Pick. 232; Story's Conflict of Laws, 459; Story's Eq. § 81. Because the powers of this Court, as a court of law, are sufficient for the purposes of justice, and the subject matter of this bill is now pending before the Court. Story's Eq. Pl. § 473, § 481, § 482; *Smeed* v. *Coyle,* 4 Litt. 163; 2 Barb. & Har. Dig. 13; *McCarty* v. *Burrows,* 2 Ham. 21; *Morrison, Ex'r,* v. *Hart,* 2 Bibb, 4; Story's Eq. Pl. § 481. This Court will not interfere, because it has been already settled at law. *Simpson* v. *Hart,* 1 Johns. Ch. 91; *McVicar* v. *Wolcott,* 4 Johns. 510.

*Deblois, contra.* The service on Haines, as the attorney of record, is good. Smith's Ch. Prac. 116; 1 Hoff. Ch. Prac. 109; *Smith* v. *Hibernian Mining Co.* 1 Sch. & Lef. 238; *Love* v. *Baker,* 1 Ch. Ca. 67; *Jones* v. *Boston Mill Cor.* 4 Pick. 507; *Pratt* v. *Bacon,* 10 Pick. 126. The attorney, as such, cannot demur. A demurrer can only be made by a defendant. Story's Eq. Pl. 346, 363. As a plea to the jurisdiction it is bad. It should point out where the matter ought to be determined. *Lord Derby* v. *Duke of Athol,* 1 Dick. 129; *Nabob of Carnatic* v. *East Ind. Co.,* 1 Ves. 373. If bad in part, it is bad for the whole. *Baker* v. *Pritchard,* 2 Atk. 388; 2 Mad. Chan. 286; *Higginbotham* v. *Burnett,* 5 Johns. Ch. 186; Hoff. Ch. Prac. 27; Story's Eq. Pl. 350. If neither of the defendants appear, the attorney cannot appear as such — and then there is no demurrer, which the Court can consider.

The courts of common law cannot give an adequate remedy. An injunction is prayed for. 2 Story's Eq. § 891. Fraud is charged. A demurrer to a bill praying for relief and charging fraud, should be overruled. *Manningham* v. *Bolingbroke*, Dick. 533. The demurrer admits the facts charged, as true. *Atterson* v. *Mair*, 2 Ves. 95 ; 4 Brown C. Cases, 270 ; *Brooke* v. *Hewitt*, 3 Ves. 253. A judgment fraudulently obtained, will be enjoined. *Marine Ins. Co.* v. *Hodgdon*, 7 Cranch, 336. A bill lies where the relief at law is inadequate. *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 376; *Fay* v. *Valentine*, 12 Pick. 40; *Weymouth* v. *Boyer*, 1 Ves. 416; *Graham* v. *Stamper*, 2 Vern. 146; *Burroughs* v. *Jemino*, 2 Ste. 733; *Bemis* v. *Upham*, 13 Pick. 169; Mitford's Plead. 166.

The opinion of the Court was delivered by

WHITMAN C. J. — The bill in this case states, that a suit at law is pending in this Court, in another county, in this State, wherein the plaintiff, Chalmers, a citizen of New York, and two other persons, now resident in this State, who were formerly his copartners in trade, were sued in assumpsit by said Hack; and that after the suit had been sometime pending, he, the plaintiff, received a notification in New York of its pendency, and that he might appear and show cause why judgment should not be rendered against him. That he employed counsel, who moved for a continuance of the action, to enable him to make preparation for his defence, which motion was overruled; whereupon his counsel submitted to a default, under an agreement that he should be heard on inquiry as to the damages; and that said Chase was confederate with said Hack, and had become interested in said suit, by purchase, and had conspired with him to defraud the plaintiff; and had taken undue means, in aid of said Hack, to procure testimony, of which the plaintiff was ignorant, until after the default, as agreed upon, had been entered. Thereupon the plaintiff prays for an injunction to stay proceedings at law, and for a discovery and relief.

Said Hack, being a citizen of Maryland, without the jurisdiction of this Court, and having no estate which could be

reached by its process, the plaintiff has caused Wm. P. Haines, the counsel of said Hack in the suit at law, to be summoned to defend in this suit. And the said Haines, in obedience to the said summons, appears; and, protesting that he does not appear for the said Hack, but in obedience merely to said summons, demurs to the said bill, for want of jurisdiction in the Court.

It becomes the Court, in all cases, to stay proceedings, whenever it is made manifest that it has not jurisdiction in the case. Whenever this knowledge is obtained, it matters not whether it be by an inspection of its proceedings, or is suggested by an *amicus curiæ.*

In this case, it seems that Hack, one of the defendants, has not, at any time, been a citizen of or resident in this State; nor is it pretended that he has any estate within the same, subject to a distringas. He is not therefore ordinarily subject to the jurisdiction of its courts. If however he be a plaintiff at law here, against the plaintiff in equity, it may be that he is so far amenable to the equitable jurisdiction of this Court, as that a bill of injunction may be entertained against him, and that serving his attorney at law with a subpœna would be a good substituted service to subject him to the jurisdiction of this Court; so far at least as to authorise it, a proper case being made out, to grant an injunction against proceeding in the action at law. But independent of such an object no bill could be sustained. There would be no mode of enforcing any decree against him, as an attachment would not reach him, and as no distringas could reach his estate. 1 Atkyns, 19.

Whether this Court, then, has jurisdiction in the present case must depend on the remedy, which the plaintiff in equity has at law. At present no judgment has been rendered against him. Although a default has been entered by his consent. The damages have not been assessed in the case. The default may be removed, and the action may be reinstated for trial; provided the default has been entered upon consent through fraud or covin, in any wise practised upon the defendant therein; or even if it has been consented to and entered by mistake,

without fault on his part. And it would seem, that, whatever would be adapted to induce the court to grant an injunction, would be equally efficacious, by way of inducing the court to afford him an opportunity to avail himself of his defence at law.

This seems to be an appeal, by way of a bill in equity, from the exercise of 'the discretion of this Court, sitting as a court of law, to its discretion sitting as a court of equity. In the former case, it has all the powers of a court of equity, and in the latter its powers are merely co-extensive.

The plaintiff in equity complains that he was unable to obtain a continuance, in the action at law, to enable him to prepare for trial. This was a question, addressed to this court at law, in regard to which it was bound to exercise a sound discretion; and we must presume that it did so. Sitting as a court of equity, then, it affords no ground for issuing an injunction. On the whole, it does not appear but that the plaintiff in equity has had, or may have, a plain and adequate remedy at law; and accordingly the decree is, that the bill, as to the said Hack, be dismissed.