## SUPREME COURT.

CLOSE agt. VAN HUSEN, impleaded with E. McMARTIN and S. McMARTIN.

*It seems* that proceedings may be had against a defendant, when his last known place of residence was within this state, but his residence at the time can not, on due inquiry, be ascertained by the plaintiff or his attorney.

*It seems* the act of April 12, 1842, chapter 277 (*L. of* 1842, *p.* 363), is still in force.

*Montgomery Special Term, Jan.* 1851. This was a motion in behalf of Van Husen, who had appeared, to dismiss the complaint, for unreasonable neglect on the part of the plaintiff to serve the summons on the other defendants; and was made under section 274 of the Code. From the motion papers on both sides it appears that the action was commenced prior to September 1848, and was an action, in the nature of a bill in equity by the plaintiff as assignee of a decree against the defendant Van Husen as trustee and executor of Hugh McMartin, deceased, for an accounting, the other defendants being heirs at law of the said McMartin, the deceased. The cause was put at issue between the plaintiff and Van Husen about the 6th September 1848, and has not been noticed for trial by the plaintiff. That the defendant Elizabeth McMartin, is an infant, and has not yet been served with process. That her last known place of residence was in this state, but the plaintiff after diligent enquiry can not ascertain where it is at present. That the case does not fall within any of the subdivisions of § 135 of the Code, and the plaintiff is unable, as he believes, to bring the said defendant into court, and asks the aid of the court in the premises.

C. PATTERSON, *for the Defendant Van Husen.*

P. POTTER, *for the Complainant.*

WILLARD Justice.—This case does not fall within any of the provisions of the 135th section of the Code, nor of the Revised Statutes (2 *R. S.* 186, § 122). Some of the embarrassments in

cases where the residence of a defendant could not be found, occurred in Jermain vs. Langdon (8 *Paige*, 41); and in Evarts vs. Becker (8 *id.* 506); and it is probable that these and similar cases led to the passing of the act of April 12, 1842, p. 363, entitled " an act in relation to proceedings in the Court of Chancery, against absent, concealed or non resident defendants, unknown owners in partition, and to the foreclosure of mortgages by advertisement." By the first section the following subdivision was directed to be added to the 122d section of the Revised Statutes, 2d vol. 186, *supra*, viz: " 3 Where the last known place of residence was within this state, but his residence at the time can not, on due inquiry, be ascertained by the complainant or his solicitor." The case of the defendant Elizabeth McMartin falls exactly within this subdivision, and if the latter is still in force, the course to be adopted by the plaintiff, is sufficiently obvious. By force of the constitution of 1846 and the judiciary act of 1847 (*L. of* 1847, *p.* 323, § 16), the powers and jurisdiction of the Court of Chancery were vested in the Supreme Court. There can be no doubt, therefore, that at and before the time of the adoption of the Code, the act of April 12, 1842, was in full operation. The 468th section of the Code repeals all statutory provisions inconsistent with the Code; and expressly enacts that if a case shall arise, in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, can not be had under that act, the practice theretofore in use, might be adopted as far as might be necessary to prevent a failure of justice. The first section of the act of 1842, *supra*, is not inconsistent with any provision of the Code. It supplies an omission without which the Code is defective. If both are permitted to stand, the system is harmonious, and there will be no failure of justice in a case like the present.

The plaintiff should present his application by petition, bringing his case within the 135th section of the Code, so far as form is concerned, and the first section of the act of 1842 (*L. of* 1842, *p.* 363, *supra*). The publication of the order should be in two newspapers to be designated as most likely to give notice to the

persons to be served, and for a period of three months (compare *Code,* § 135 with *L. of* 1842, § 2, *sub.* 2). To enable the plaintiff to make this application, the present motion will be denied without costs, provided the said motion be made at the next special term of this court, to be held in Schenectady on the third Tuesday of July next; and if not then made, in that case the present motion will be granted with costs.