ERICKSON, LIVERMORE & Co., v. JOHN NESMITH & als.

Where a bill in equity is brought against the stockholders of a corporation for the purpose of charging them personally, upon their individual liability, for the debt of the corporation, an equitable contribution is to be made by the court between all the stockholders as far as may be.

Our statute makes the liability of stockholders in manufacturing and many other corporations, joint and several for all such debts of the corporation as they are made personally liable to pay, thus making them liable as though they were partners, without any act of incorporation.

The rule among partners is, if after applying the assets there are still outstanding liabilities, the partners must contribute in proportion to their shares, or if there is a surplus it will be distributed among them in like proportion.

Where a bill in chancery is brought against any of the stockholders of a corporation to compel them to pay a debt of the corporation for which they are individually liable, the general rule is, that all persons liable to contribute should be made parties to the bill.

But this is a rule of convenience, and not of necessity; and where persons interested are out of the jurisdiction of the court, and it is so stated in the bill and admitted by the answer or proved, it is not necessary to make them parties, but a decree may be made against those over whom the court has acquired jurisdiction, where it can be done without injustice to those who are absent.

And where certain of the stockholders within the jurisdiction are insolvent, the plaintiff may have his decree against such as are solvent for his whole debt, each paying such proportion of the whole debt as his stock bears to the whole amount of stock owned by the solvent stockholders, over whom the court has acquired jurisdiction.

THIS is a bill in equity brought against the stockholders of a corporation called the Franklin Mills, designed to charge the defendants personally, on their individual liability, for the debt of the corporation due to the plaintiffs.

There are several defendants, stockholders, some of whom are residents of this State, and appear by their attorneys of record. Others are residents of other States, upon whom service of the bill and the orders of court have been made, who do not appear, and as to whom the bill has been taken *pro confesso.* Some of the defendants, both within and without the State, are pecuniarily solvent, and others are insolvent.

For the purpose of avoiding unnecessary litigation, delay and expense, the parties pray the advice of the court upon the following questions, namely :

1. May a decree for judgment be taken against any one or other number of the defendants, at the option of the plaintiffs, or will the court order that judgment shall be rendered against each defendant for such sum as the number of shares of corporation stock owned by him bears relatively to the entire debt of the plaintiffs?

2. If specific decree be made according to this plan of relative proportion, may the debt be divided upon that basis among the solvent stockholders, or must all the stockholders of both classes be included—the solvent stockholders having right of contribution against those not included in the distribution?

It is also agreed, that, prior to the commencement of this suit, the plaintiffs brought their action in Massachusetts, against those of the present defendants there residing, for the purpose of enforcing, in that State, the individual liability of those defendants; that, after full consideration by the Supreme Court of Massachusetts, the plaintiffs' action was dismissed, for the reason assigned in the opinion of the court, that the corporation being located in New Hampshire the plaintiffs' remedy was local and confined to New Hampshire. Whereupon this bill was brought, and the Massachusetts defendants were served with notice thereof, and failed to appear as before stated. Upon their default will the court, without other evidence than proof of the plaintiffs' just claims

against the corporation, order judgment against the Massachusetts defendants in either of the ways suggested in the foregoing inquiries?

*George, Foster & Sanborn*, for plaintiffs.

*Minot & Mugridge*, and *Pike*, for Nesmith & a.

SARGENT, J.[*] Upon this case as stated certain questions are raised. All the preliminary proceedings are passed over without question. We are to assume that the corporation in this case has so conducted its business as to make its stockholders liable, under the provisions of our statute, for the payment of the corporate debts, and that this plaintiff has taken all the preliminary steps required by the statute against the corporation, in order to entitle him to bring his suit against the individual stockholders.

The Revised Statutes, chap. 146, sec. 2, Comp. Stat. 313, provide that "proper actions of debt or assumpsit for the collection of such debts or liabilities, may be commenced and prosecuted against any one or more of said stockholders, and such actions shall not be abated for the reason that the other stockholders are not joined as defendants in such suits."

Sec. 5 of the same chapter, Comp. Stat. 314, provides that "where any stockholder of such company shall have voluntarily paid any such debt or liability, after such demands, or where any such stockholder shall have been compelled by suit to pay any such debt or liability out of his own private property, he may have contribution from the other stockholders of such company for all payments so made by him, either by an action for money paid, laid out and expended, or by a bill in equity at his election."

By these provisions the creditor of the corporation could recover his whole debt of any one or more of the stockholders, and such stockholders were to seek contribution from their fellows. But by the law of 1857, Pamphlet Laws, chap. 1962, it is provided "that all legal proceedings hereafter commenced against any individual stockholder in any corporation in this State, for the collection of a debt against said corporation, shall be by a bill in chancery and not otherwise."

By this statute it was designed to compel the creditor to make all the stockholders parties to his bill, if practicable, and not to allow him to pursue his remedy against any one, and collect his whole debt from such single stockholder, where there were others equally liable with himself who could properly, and who should, in a bill in equity, be joined with him. *Hadley* v. *Russell*, 40 N. H. 109. By that course of proceeding it would be less oppressive upon any one of the stockholders than as though the whole debt, however large, might be first collected of him, to the full extent of all his means at least, and he be left to obtain his contribution from the other stockholders.

It being thus the design that all the stockholders should be made par-

---

[*]Perley, C. J., and Bellows, Nesmith, and Bartlett, J. J., did not sit.

ties as far as it could be done, it was, we think, undoubtedly the design also, that the court should order such contribution amongst such stockholders, as would be equitable in raising the money to pay such claim.

If it were to be held that judgment might be decreed upon a bill in equity against one or more of such stockholders, at the option of the plaintiff, for the whole amount of his claim, the change in the law substituting a bill in chancery for an action of debt or assumpsit accomplished nothing only to change the form of process. But something more than this was evidently intended. Where any claim is thus sued, an equitable contribution is to be made by the court between all the stockholders as far as may be.

By the act of 1846, Pamphlet Laws, chap. 321, the liability of stockholders was made joint and several for certain specified debts which they were made personally liable to pay, in all corporations having for their object a dividend of profits among their stockholders; while in banks they were made severally liable for an amount equal to their stock in such bank, for all its debts. Comp. Laws, 312, 331. The law thus makes the stockholders in such a corporation as this answerable for certain debts, in the same capacity as though they were partners; placing them on the same footing in that respect as though they had not been incorporated. *Allen* v. *Sewall*, 2 Wend. 327; *Moss* v. *Oakley*, 2 Hill 265; *Bailey* v. *Bancker*, 3 Hill 188; Ang. & A. on Corp. chap. 17, sec. 591, and seq.; *Moss* v. *Averell*, 10 N. Y. (6 Selden) 449; *Corning* v. *McCullock*, 1 Com. 47; *Abbott* v. *Aspinwall*, 26 Barb. S. C. R. 207; *Harger* v. *McCullock*, 2 Denio 123; *Southmayd* v. *Russ*, 3 Conn. 52; *Bank* v. *Magill*, 5 Conn. 28; *Marcy* v. *Clark*, 17 Mass. 334; *Thayer* v. *Union Tool Co.*, 4 Gray 75; Rev. Stat., ch. 146, sec. 1.

The rule for contribution among partners is well settled. If after applying the assets there are still outstanding liabilities, the partners must contribute in proportion to their shares, and if on the other hand a surplus remains, it will be distributed among them in like proportion. Adams' Equity, 243; *Vose* v. *Grant*, 15 Mass. 505; Ang. & A. on Corp. sec. 591, and seq. Applying these principles, then, to the case before us, and the decree should be entered against all the stockholders in the corporation, each stockholder paying the same proportion of the whole debt, as the amount of his stock or number of his shares bears to the whole amount of stock or the whole number of shares in the corporation, subject to a qualification on account of non-resident and insolvent stockholders, which it becomes necessary here to consider.

We have already stated the general rule to be applied in bills of chancery like this, which is that all parties liable to contribute should be made defendants unless they are already joined as plaintiffs. All the authorities recognize this as the general rule. 2 Story Eq. Juris. sec. 1526; 2 Mad. Ch. Pr. 222, 238; Daniell's Ch. Pl. & Pr. 329; *Wiser* v. *Blakeley*, 1 Johns. Ch. 437; *Hadley* v. *Russell*, 40 N. H. supra. But to this general rule there are some exceptions. Where persons interested are out of the jurisdiction of the court, and it is so stated in

the bill and admitted by the defendant's answer or proved, it is not necessary to make them parties.    2 Mad. Ch. Pr. 219, 222.

In *Elmendorf* v. *Taylor*, 10 Wheat. 167, it is said by the Supreme Court of the United States, "that the rule which requires that all persons concerned in interest, however remotely, should be made parties to the suit, though applicable to most cases in the courts of the United States, is not applicable to all.  In the exercise of its discretion the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court.   But if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person whom the process of the court cannot reach,—as if such party be the resident of some other State,—ought not to prevent a decree upon its merits.   It would be a misapplication of the rule to dismiss the plaintiff's bill because he has not done that which the law will not enable him to do."

And in *Mallow* v. *Hinde*, 12 Wheat. 198, the same court in speaking of this principle say : "In that case (*Elmendorf* v. *Taylor*) the right of the party before the court did not depend upon the right of the party not before the court, each of their rights stood upon its own independent basis, and the ground upon which it was necessary, according to the general principle, to have both before the court, was to avoid multiplicity of suits and to have the whole matter settled at once." "In this case (*Mallow* v. *Hinde*) the complainants have no rights separable from and independent of the rights of persons not made parties.   The rights of those not before the court lie at the very foundation of the claim of right by the plaintiffs and a final decision cannot be made between the parties litigant without directly affecting and prejudicing the rights of others not made parties."   For this reason the latter bill was dismissed, but the former was sustained even though certain parties living out of the State, and who could not for that reason be made parties, were interested, and though there might be occasion for further litigation in order to adjust the whole subject matter between all parties interested.    2 Story Eq. Juris. sec. 1526 ;  *Chalmers* v. *Hack*, 19 Maine 124.

Service of a subpoena to appear and answer made out of jurisdiction is a nullity and proceedings founded thereon will be set aside.    *Creede* v. *Byrne*, 1 Hogan (Irish R.) 79 ; *Dunn* v. *Dunn*, 4 Paige 425. So it is stated in Lord Redesdale's treatise on pleading that "where a person who ought to be a party is out of the jurisdiction of the court, that fact being stated in the bill and admitted by the defendants or proved on the hearing, is in most cases a sufficient reason for not bringing him before the court."    1 Daniell's Ch. Pl. & Pr. 238.

In *Towle* v. *Pierce*, 12 Met. 329, there was a demurrer to a bill in chancery.    *Wilde, J.*, says "the principal cause of demurrer to the bill is that all the persons interested in the subject matter of the suit are not made parties, so that it would be perfectly safe for the defendant to obey the decree prayed for.   To this the answer is, that the other persons named in the bill who were partners with the plaintiff and the defendant, are not within the jurisdiction of the court, and this we con-

sider a sufficient answer ;" and a decree was made in the case between the plaintiff and defendant, two partners, in the absence of two others who had also been partners with them, and as such interested in the matters in controversy.

*Mr. Justice Story* says the general rule is, that to a bill against a partnership all the partners must be made parties, but if one of the partners be resident in a foreign country, so that he cannot be brought before the court, and the fact is so charged in the bill, the court will ordinarily proceed to make a decree against the partners who are within the jurisdiction, with this qualification, however, that it can be done without manifest injustice to the absent partner. Story's Eq. Pl. sec. 78 ; Daniell's Ch. Pl. & Pr. *233, *234.

In the case before us the plaintiffs, it would seem, have done everything in their power to make all the members of the corporation whom they are seeking to charge, parties to their bill, and the fact that these parties living out of the jurisdiction do not come in after notice, instead of operating as a reason why the bill should be dismissed, and that there should thus be an entire failure of justice, affords a good and sufficient reason why a decree should be made for judgment in favor of the plaintiff against those defendants who are within the jurisdiction, if it can be done without injustice to those who are not parties.

An order for judgment against those who are parties to the bill, cannot, in this case, prejudice the rights of those who are not so, because all that the defendants, who are now parties to this bill and residents in this State, can do against those out of the State, is to make them contribute their just proportion to the payment of this debt, which is just what we should compel them to do if they were here now as parties. Their refusing to come in here as parties to this suit, will only render two or probably several suits necessary instead of one, to settle the whole matter in controversy between all interested, but it will not change or affect their ultimate rights or liabilities at all, whether they be settled in one suit or several.

The rule that all parties liable to a demand should be before the court, was a rule of convenience to prevent further suits for a contribution, and not a rule of necessity, and therefore might be dispensed with, especially where the parties were many, and the delays might be multiplied and continued, and the rule has been dispensed with in a variety of cases where the ends of justice could be sufficiently answered by a sufficient number being before the court to represent the rights of all. 1 Daniell's Ch. Pl. & Pr. 319, 320, and cases cited and note.

In *Smith* v. *The Hibernian Mining Co.*, 1 Sch. & Lef. 540, *Lord Redesdale* says : "The ordinary practice of courts of equity where one. party is out of the jurisdiction, and other parties within it, is to charge the fact in the bill that such a person is out of the jurisdiction, and then the court proceeds against the other parties, notwithstanding he is not before it."

And where a bill was filed for the recovery of a joint debt against one of two partners, the other being out of the kingdom, the question before the court was, whether the defendant should pay the whole, or

only a moiety of the debt.  *Lord Hardwicke* was of the opinion that he ought to pay the whole, holding that where a defendant cannot be made to appear, it amounts to the same thing as if process had been taken out for want of an appearance and carried on to a sequestration. *Darwent* v. *Walton*, 2 Atkyns 510.  So, here we think there should be judgment against those stockholders in this State for the whole amount of the plaintiffs' debt, and that they be left to their remedy against those stockholders out of the State for contribution.

But it is claimed that by express provision of a statute, or by a rule of court having the force of law, service may be made on a person residing out of the State, so as properly to make him a party to a suit pending here, and *Stone* v. *Anderson*, 25 N. H. 221, is cited as authority.  In that case there was service under the rule of court upon two persons residing in Boston, the service having been made by a private individual, but properly sworn to under the rule.  These two defendants appeared by counsel and objected that no proper and legal service had been made upon them.  They did not object to the jurisdiction of the court, or that no service could be made on them, out of the jurisdiction, but voluntarily appearing and only objecting to the form of the service, which was held sufficient, their objection was answered and their clients were properly in court, because they chose to come instead of relying upon their rights and staying away.

We find in all the elementary books rules for making extraordinary or substituted service on parties out of the jurisdiction, but upon examination we find that the statutes authorizing such service have reference to those called absentees, who have a legal residence in the State or country where the cause is pending, but who have left to avoid personal service or for some other cause, but who are still considered as inhabitants of such State or country, and where service on the attorney or agent of the party is held to be good service on the principal under the peculiar circumstances of the case.  1 Daniell's Ch. Pl. & Pr. 500, 514, 515, and note; *Jermain* v. *Langdon*, 8 Paige 41; *Evarts* v. *Becker*, 8 Paige 506.

But where no attachment of property has been made within the jurisdiction, and where the court can make no actual service of process, and when the party residing in another State refuses to submit to the jurisdiction of the court, we know of no way to acquire such jurisdiction over the person.  A statute could not give it any more than a rule of court.  The legislature have no more jurisdiction to make laws for the inhabitants of other States while remaining there, than the court has to execute them upon such inhabitants.  *Bissell* v. *Briggs*, 9 Mass. 468; *Rangely* v. *Webster*, 11 N. H. 299, and cases cited.

This subject has recently been pretty fully considered by the Supreme Court of the United States, in *Baldwin* v. *Hall*, and *Baldwin* v. *The Bank of Newbury*, Dec. Term, 1863, and by this court in *Bank* v. *Butler*, 45 N. H. 236, 239.

One other question only remains.  The case finds that certain stockholders, both in New Hampshire and Massachusetts, are solvent, and others in both States are insolvent.  Those who are insolvent in Massa-

chusetts stand upon the same ground as those who are solvent. They are neither of them parties here, as the court has acquired no jurisdiction over them and no decree can be made in relation to them. In relation to those who are insolvent in New Hampshire, somebody must lose their share of the contribution or wait until they are able to pay it. Who shall thus lose, the stockholders or the creditors? It would be hardly equitable that the creditor should be compelled to lose a part of his debt in consequence of a change in the form of the process, where the law before gave him his whole debt by suing one or more at his election, and provides that it shall be no defense to his action that the other stockholders were not joined as party defendants. The only equitable result to be arrived at is that those of the stockholders who are able must pay the proportion of those who are insolvent.

The result of the whole matter is, therefore, that the plaintiffs may have a decree for judgment against such stockholders as are properly made parties to this bill, or who have become or may become parties thereto voluntarily, who are found to be solvent, for the whole amount of their debt and costs, to be apportioned between them *pro rata,* according to the amount of stock owned by each in said corporation, each paying such proportion of the whole debt, as his stock bears to the whole amount of stock owned by the solvent stockholders who are or may be parties to the bill. It will not be for the plaintiff to select such as he calls solvent and omit the rest, but the fact of solvency is to be settled upon proof by the court or by a master.

The result of the suit in Massachusetts was what might have been expected. The plaintiffs, in going to another State, to try to enforce upon its inhabitants, the special provisions of the laws of New Hampshire, would be very likely to find their mistake, and the stockholders in Massachusetts did not belong to any corporation in that State, to which the Massachusetts laws, to which alone they were amenable, had any application.

The plaintiffs must first enforce New Hampshire laws upon those who are citizens of New Hampshire, or those upon whom service has been made within this jurisdiction, or those who are willing voluntarily to submit to her jurisdiction; and where such stockholders as thus become proper parties to the bill, and who are solvent, have paid the whole debt, if they should find that their remedy for contribution against the stockholders in Massachusetts is in any way defective, (which we presume will not be the case,) they must learn wisdom by this experience, and not become associated with stockholders from other States, another time, without some contract among themselves, for contribution, which will bind all parties under any jurisdiction.

*Case discharged.*