1840.

Evarts
v.
Becker.

---

### EVARTS & SMITH *vs.* BECKER and others.

A defendant against whom the complainant's bill has been taken as confessed for want of appearance, after due publication against him as an absentee or non-resident, is entitled as a matter of right to come in and make a defence to the suit, without an affidavit of merits, upon the payment of such costs as the court may deem to be reasonable.

Where a bill is taken as confessed against a defendant, as absent from the state or as concealed therein, who has a fixed and notorious domicil within the state, and is neither absent nor concealed, the order to take the bill as confessed will be set aside as irregular, and without costs, if the defendant applies the first opportunity after he has notice of the irregular proceedings against him.

To obtain an order for publication against a defendant who resides in the state, but who is absent therefrom or concealed within the same, the af-

fidavit should state the place of residence of the defendant, the particular circumstances of his absence and probable duration thereof, and the names and residences, or other descriptions, of the persons from whom the information of such absence or concealment was obtained ; to enable the court to judge of the necessity or propriety of proceeding against the defendant by a publication of the notice, instead of a personal service of the subpœna.

An affidavit which merely states that the deponent believes that the defendant resides in the state, and that the subpœna could not be served on him by reason of his concealment within the state or of his continued absence from the place of his residence, is not sufficient to authorize the court to grant an order of publication.

THIS was an appeal from a decision of the vice chancel- October 6. lor of the seventh circuit, refusing to set aside an order of publication against Becker and Tremells, two of the defendants, and the subsequent proceedings thereon, for irregularity. It appeared by the papers before the vice chancellor, that at the time of the filing of the complainants' bill, and at the time the order for publication was granted, Becker and Tremells were both residents of one of the out-wards of the city of New-York ; that one of them was a man of family, and a householder, although their names were not found in the city directory ; and that neither was absent from his residence, or concealed. The complainants' papers, however, showed that their solicitor had taken great pains to ascertain the residence of the defendants, by inquiries in the city of New-York, but could not find their residence, so as to serve the subpœna on them ; although the subpœna was left for some time with the sheriff to be served. An order for publication for three months was obtained, upon an affidavit of the complainants' solicitor that he was *informed and believed* that the subpœna could not be served on the defendants by reason of their concealment within this state to avoid the service of process, or by reason of their continued absence from their place of residence. Upon their neglect to appear within the time limited by the order, the bill was taken as confessed ; and a decree of foreclosure, &c. was entered, and the property advertised for sale, before they were aware of any proceedings against them. The vice chancellor denied the application, to set aside the proceedings against them for irregu-

larity; but opened their default, and permitted them to come in and defend the suit within thirty days, upon condition that they paid the taxable costs of the order for publication, and of all subsequent proceedings, including the costs of opposing their application.

*C. C. Marsh,* for the appellants.

*A. Gould,* for the respondents.

THE CHANCELLOR. The affidavits and counter affidavits as to the merits of the defence of these appellants were wholly unnecessary. For it was a matter of right for them to be let in to make a defence, upon payment of such costs as the court should think reasonable; even if the order for publication and all the subsequent proceedings had been strictly regular, and conformable to the statute in all respects. (2 *R. S.* 187, § 133, 137.) The only question therefore is, whether the proceedings were strictly regular; when in point of fact both the appellants had a known and fixed residence in this state, and were neither absent therefrom, nor in any way concealed. In the case of *Jermain* v. *Langdon and others,* [*ante, p.* 41,] not yet reported, I came to the conclusion that it was irregular to proceed against a defendant, as an absentee, who had a fixed and notorious residence in this state; if he was neither absent therefrom nor concealed so that the process could not be served. And that, in such a case, if the defendant applied the first opportunity after he had notice of such proceeding against him, it would be a matter of course to let him in to make his defence, without charging him with any costs. The only difference, in this respect, between that case and the one now under consideration, is, that the defendant there was proceeded against as a non-resident of the state, and that here the appellants were alleged to be residents, but that they were concealed within the state, or were not amenable to the service of process by reason of their continued absence from their places of residence.

A defendant who has a fixed and notorious residence, and whose only fault is that his adversary does not succeed in finding such residence, certainly ought not to be deprived of his right to a personal notice of the proceedings against him ; nor be charged with costs which are the result of a mistake of the complainant, or his solicitor, in supposing such defendant is absent or concealed.

I think the affidavit, on which this order to advertise was granted, was defective in not stating the particular grounds upon which the complainants' solicitor founded his belief that the defendants were concealed within this state. For he certainly had no grounds for believing that they were not amenable to the process of the court by reason of continued absence from their place of residence, in the state, when he could not find where that place of residence was. If the residence of the defendant in this state is known to the person who attempts to serve the subpœna, he should go to his house, or place of abode, and make inquiries for him ; unless he has ascertained the fact, from some credible source, that he is actually absent from home ; under such circumstances as to preclude the probability of his return within any reasonable period of time. And in case of such absence, the particular circumstances should be stated, the probable duration of such absence, and the names and residences or other description of the persons from whom the information was obtained ; to enable the court to judge of the necessity or propriety of proceeding against the defendant by an order of publication, instead of a personal service of the process. It would also be proper, in the affidavit, to state where the defendant's residence was ; so that the order might be directed to be published in the proper county, to bring the notice home to his family, or to the persons with whom he resides if he is not a householder. If the place of his residence cannot be ascertained, the circumstances should be stated upon which the person who makes the affidavit founds his belief that he is still in this state, and is concealed therein so that process cannot be served on him. A simple affidavit, that the deponent believes

1840.

Evarts
v.
Becker.

that the defendant resides in the state, and that the process of subpœna could not be served by *reason of his conceal-ment within this state, or of his continued absence from the place of his residence,* certainly is not sufficient to authorize the court to grant an order of publication. Where, after diligent search and inquiry, the residence of the defendant cannot be ascertained, if the affidavit contains no grounds for believing that he actually resides, or has his domicil, in this state, or in the United States, or in either of the Cana-das, the order of publication, instead of requiring him to appear within three months, should fix it at nine months; the longest time mentioned in the statute.

As these defendants had an open and notorious residence in New-York, and there is no reason to suppose that there was any attempt, on their part, to conceal the know-ledge of such residence from the complainants or any oth-er person, and as they were not in fact either absent or concealed, they ought not to have been charged with the payment of costs, not caused by any fault of theirs.

The order appealed from must therefore be reversed. The order for publication, and all the subsequent proceed-ings, so far as the appellants are concerned, must be set aside; provided the defendants put in their answer to the complainants' bill within forty days after service of a copy of such bill, on their solicitor, with notice of the order to be entered on this decision. The costs of the defendants' application to the court below, at the usual allowance of $15, and their taxable costs upon the appeal, to be costs in the cause; and to be allowed to them in case they suc-ceed in their defence to the suit, but not otherwise. And the proceedings are to be remitted to the vice chancellor to carry into effect this decision.