## John King, Jr. v. Daniel B. Harrington.

*Decree against absent defendants, when valid. Order to confirm, immaterial after seven years. Entitling affidavit. Bill to quiet title, what is not.* Plaintiff brought ejectment for certain lands, to which defendant set up title under attachment proceedings against plaintiff. It appeared that defendant had filed his bill against plaintiff (defendant in the attachment suit), and a redeeming creditor; alleging fraud, and praying to have the proceedings set aside, and releases executed. The defendants were published as absentees, but the affidavit of publication of the order to appear was not entitled in the suit, though the order itself was. A decree was granted according to the prayer, declaring that plaintiff (defendant in the attachment suit) had no title. More than seven years had elapsed since said decree, and before the present suit. No order of confirmation was ever made. *Held,*

1. That the decree, having been taken by default against absent defendants, cannot be sustained unless the proceedings to give the court jurisdiction were regular.—10 *Mich.* 260.

2. That as such order is a matter of right and not of discretion, and as the statute is positive that a defendant must appear within seven years, the omission of the order to confirm was immaterial.—2 *Comp. L.* §§ 3545, 6.

3. That the object of entitling affidavits being to connect them with a suit, so that perjury will lie upon them, an affidavit referring to a paper properly entitled, to which it is appended, must be assumed to have adopted the title by the reference.

4. That the bill, being framed for the express and only purpose of avoiding an alleged fraud in attempting to establish an unauthorized redemption of the attachment title, it could not be considered as one to quiet title.

*Attachment: when notice necessary to jurisdiction: when judgment void.* The writ of attachment in this case was issued July 31st, 1849, and returnable, August 7th. On the day after its date it was returned served on the land, and not found as to the debtor. At the third term of court after said return, a declaration was filed, and judgment entered thereon, without proof of publication. Subsequently an affidavit of publication was filed, declaring that the notice annexed had been published for six successive weeks "preceding the said 23d day of September," but without fixing any particular September.

*Held*, that where there is no personal service, the publication of notice is necessary to enable the court to obtain jurisdiction, and no judgment is valid without it.

In special proceedings against parties not served or appearing, the substituted service must be strictly regular under the statute.—11 *Mich.* 274; 2 *Comp. L.* § 4761. The declaration having been filed and judgment entered when there was no proof that defendant in attachment had been notified, and the affidavit being insufficient, the judgment in attachment was a nullity, and no title passed under it.

*Heard October 20th.*   *Decided October 31st.*

Case made for review from St. Clair Circuit.

Ejectment.

The facts are stated in the opinion.

*Mitchell & Farrand*, and *A. B. Maynard*, for plaintiff.

1. The proceedings in the attachment suit were irregular, and void, and gave the court no jurisdiction to render judgment in the case.

*a.* There was no personal service of the attachment, and no appearance of defendant in the suit in which the judgment was rendered, and on which the sale was founded.—2 *Comp. L.* §§ 4759, 4761.

*b.* The declaration was filed, and judgment rendered in this case, on the 8th day of November, 1849.

Before that time, no proof whatever had been made or filed of the publication of any notice. But on the 20th of December following, a notice and defective affidavit were filed in that court.

We insist that proof of the proper publication of a proper notice, as required by the statute, was prerequisite, and absolutely necessary, before the County Court had jurisdiction, either to receive and place on file the declaration, or to proceed to judgment in the case, and that everything done without the required notice and proof of publication was *coram non judice,* and rendered the whole proceedings void, *ab initio.*

c. There is no date nor entitling to the notice. The fact of adjournment to the November term is not required by the statute, and has no relation to the requisitions of a proper notice.

The affidavit is made over a month after the judgment, is not entitled in any cause, and only shows that the require-ments of the statue were not complied with.

As to the necessity of properly entitling affidavits, see 2 *Cow.* 609; *Burr. Prac.* 342; 7 *T. R.* 661; 2 *Dowl. P. C.* 731; 3 *Id.* 107; 8 *Taunt.* 647; 2 *Moore,* 722; 1 *Mich.* 115; 11 *Id.* 456; 8 *Paige,* 415.

The notice cannot be said to be any part of the affidavit. It only refers to an annexed notice, and not to a notice to which the affidavit was an addition, or of which it in any manner formed a part.

The publication of notice, and proof of publication before judgment, was absolutely essential to the jurisdiction of the court. Without them, the court had no more power to act than it would have in the absence of proof of service of process. Publication was essential, and in the place of process.— 2 *Doug. Mich.* 498, 93; 5 *Mich.* 98; 6 *Id.* 242; 1 *Blackf.* 215.

2. The proceeding is a special one, in which the court exercises an extraordinary jurisdiction, under a special statute, prescribing its course, and not under general powers. It can, therefore, act only according to the powers of procedure which the statute prescribes.—2 *Mich.* 418; 3 *Id.* 277; 2 *Doug. Mich.* 498.

The notice is equivalent to, and takes the place of, process. —11 *Mich.* 274.

KING *v.* HARRINGTON.

The judgment of the County Court, in the attachment suit, was void, and the rights of the parties are dependent upon the subsequent chancery proceedings and the decree. Whatever title was procured by Ashley & Minne, under the execution sale, and subsequently transferred to the defendant, was redeemed by John S. King, on the 19th May, 1851, he being a judgment creditor of John King, jr. John King, by his agents, on that day, and within the time limited for redemption, went to the register and offered him the money to redeem with, but he, after receipting it as paid, not being satisfied to take a check for part of the amount, went with the agent to Detroit, where the full amount was paid to him, and before going, he endorsed on the certificate of sale a receipt in full. This was a full redemption, and so afterwards held by the Supreme Court, as appears by the judgment of that court.

The fact that the money was in St. Clair the next day, and that the purchasers, insisting on technical time, had procured a deed from the sheriff before the return of the register, can make no difference with the fact of the redemption, nor in any way affect or do away with the decision of the Supreme Court upon the mandamus, of which all parties in interest must be presumed to have had notice.

The deed then, from Whitman, the sheriff, to John S. King, under the order of the Supreme Court, and from him subsequently to the plaintiff, reinvests him with all the title undertaken to be conveyed in the sheriff's sale. The purchase money was deposited, and has ever been in the register's hands, ready to repay the price they bid for the land.

3. But it is insisted by the defense that this redemption was set aside, and the title confirmed in the defendant, in the chancery proceedings of *Harrington v. John S.* and *John King, jr.*

We insist, on the contrary, that those proceedings were entirely *ex parte,* and were a fraud upon the court.

*a.* The bill did not advise the court of the facts as they existed. This was a fraud upon that court, and no claim, pro-

cured by deception or suppression of facts, ought to be considered as binding or conclusive. The decree is, therefore, open to objection, as well as to review.

*b.* The bill only sought to set aside the redemption, and in no way raised the question of the validity of the judgment, or of the attachment proceedings.

The intent and scope of the bill was simply to set aside and do away with the attempted redemption and the subsequent deed. It did not attempt to reach the title of John King, jr., except as affected by that redemption, and the Court of Chancery was not called upon to pass upon the validity or invalidity of the judgment upon which the complainant's title rested. Any decree founded upon that bill must be within the direct scope of the bill, and if it went further, or adjudged upon matters not brought or offered in issue by the bill, it was void, *pro tanto.*

The decree undertakes to declare that the defendants had no title to the lands, a fact not put in issue by the bill, and upon which, had an answer been interposed, no issue could have been made or tendered.

A decree must be founded on, and in conformity with, the allegations and proofs; and cannot be based upon a fact not put in issue by the pleadings. — 1 *Barb. Ch. Prac.* 339; 10 *Wheat.* 181; 3 *Litt.* 339.

But the decree does not undertake to defeat the defendant's title; it only declares "that the said John King, jr., had not at the time of filing said bill of complaint had no interest in said lands,"—a double negative, affirming his title.

But even if it did undertake to defeat the plaintiffs' (defendants in that suit) title, or to correct the judgment, it could not properly so do ; and a decree of the Court of Chancery, in that regard, was not only irregular, but of no effect, and void.

A decree in equity cannot divest a legal title; it can only direct a party to convey.—1 *Ind. Ch.* 143. A bill calling upon a court to decide a question of title, which is neither a bill of peace, a bill *quia timet*, nor a bill to perpetuate evi-

dence, cannot be sustained.—2 *Leigh*, 540.  A court of equity has no power to perfect judgment at law.—24 *Me.* 42.

Equity cannot correct irregularities in a court of law.—1 *Freeman's Ch'y*, 472; 8 *Paige*, 373; 9 *Id.* 386.  If a court of chancery has no jurisdiction of the subject matter, its decree is invalid.—4 *Black*, 249.

The decree referred to in this case finds no facts.  The decree must find facts upon which it is founded.  When a decree declared a note to be void, without finding the facts to warrant decree, it is erroneous.—1 *Root*, 207; 10 *Yerg.* 41; 1 *Vern. Ch'y*, 213; *Id.* 215.

4. But we insist that this decree, so far as it affects the title to these lands, and the rights of the defendants, is void.  The defendants were non-residents, had no notice, and never appeared in the case, and the decree has never been confirmed.  To make a valid and binding decree, all the proceedings should have been regular, and the court had no power to grant a decree without full proof of regularity.  We, therefore, insist that plaintiff's title is absolute, and that he is entitled to judgment.

*D. C. Holbrook*, for defendant.

1. The plaintiff himself shows title through the redemption by John S. King of the Atwater attachment proceedings.  If he claims through the sale on attachment, then he is compelled to admit that those proceedings were regular, and he then has to prove that John S. King adopted the necessary steps to enable him to redeem.

The defendant in error of course is not bound, nor was his title defeated, by the mandamus proceedings against the plaintiff in the Supreme Court.  That was an *ex parte* proceeding as against every one except the plaintiff, and it was merely to make him give a deed.

If the plaintiff claims that the attachment proceedings were void, and John S. King having redeemed, not purchased on a sale, his title also failed, and he may fall back on his original

title. In this view he will have to show the attachment proceedings are void.

In either case, the defendant claims title by virtue of the attachment proceedings, and claims that they cannot be attacked collaterally, as they must be in this suit.

In this case the affidavit was filed and the writ was issued and served and notice given, but the affidavit of the printer was not entitled, and it is very questionable that it was necessary to entitle it.—1 *Burr. Pr.* 341.

The defendant in error insists (even if there was no notice, as the proceedings were not sought to be reversed by writ of error) they cannot now be attacked collaterally.—*Drake on Attachment,* "*Notice*"; 10 *Peters,* 200; 15 *Ohio,* 435.

What other defect in the proceedings of attachment there may be the defendant insists the statute of amendment will cover.

2. If the attachment proceedings were void, the defendant has his decree duly granted, after due process of law had for that purpose, declaring the defendant had no title.

The bill in the case alleged that the plaintiff " sued and prosecuted out of the late County Court for the County of St. Clair, in said State, a certain writ of attachment pursuant to the statute."

It is, therefore, immaterial whether the attachment proceedings were valid, or not; the title passed to the defendant by the decree.—13 *Ohio,* 505.

3. If the attachment is sustained, the plaintiff cannot recover through the redemption, as there was no proof of a judgment or affidavit, as required by the statute. The payment of the money, alone, did not authorize the redemption.

If the attachment was void, then the decree gave the title to the defendant, as the statements in the bill were taken as confessed, and a decree entered accordingly.

CAMPBELL J.

Plaintiff brought ejectment for certain lands, to which defendant set up title under attachment proceedings against

plaintiff, which proceeded to judgment and sale.    On the last day allowed for redemption, a judgment creditor applied to the Register of St. Clair county to redeem under the statute, but, as that officer would not receive drafts, or anything but lawful money, he accompanied the creditor to Detroit, where he received the amount due the same day, and returned home the day after.    Meantime the purchaser at the attachment sale, as soon as the redemption ran out, applied at the Register's office to the deputy in charge, and, learning there was no money there, at once obtained the sheriff's deed.    The redeeming creditor then applied to the Supreme Court, and obtained a mandamus on the sheriff, to deed to him under the redemption.    Subsequently, after the expiration of about four years, defendant Harrington, who had purchased the attachment title, filed a bill in chancery against plaintiff, and the redeeming creditor, setting up his attachment title, and alleging fraud in the redemption proceedings, and praying to have them set aside, and releases executed.    The parties were published as absentees, under the statute, and a decree was obtained decreeing a release from the judgment creditor, and declaring that plaintiff had no title.    More than seven years elapsed after this decree, before this suit was brought.

The decree, having been taken by default against absent defendants, cannot be sustained unless the proceedings to give the court jurisdiction were regular.—*Platt v. Stewart*, 10 *Mich*. 260.    It is claimed by plaintiff that the decree, although seven years old, is not final, without an order of confirmation.    As that order is a matter of right and not of discretion (2 *Comp. L.* § 3546), and as the statute is positive that a defendant must appear within that period (§3545), we do not think the omission of the order material.    If the decree was otherwise regular, it must stand as a settlement of such claims to relief concerning the land as came within the scope of the bill.    The only irregularity alleged is, that the affidavit of publication of the order to appear was not entitled in the suit.    The order itself was duly entitled ; and the settled practice in this State

has never, so far as we are aware, required proof of service endorsed upon such a document, and referring to it, to have a separate entitling. The object of entitling affidavits is to connect them with a suit, so that perjury will lie upon them. We think an affidavit referring to a paper properly entitled, to which it is appended, must be assumed to have adopted the title by the reference.

We, therefore, think the decree valid. And it becomes necessary to consider its extent. Upon a careful examination of the bill, we think it cannot be considered as making a case to quiet title. It is framed to avoid an alleged fraud, in attempting to establish an unauthorized redemption of the attachment title. Complainant sets up no other interest in the land, and makes out no case for establishing any other. The defendants in that cause, therefore, were apprized of no other claim, and had constructive notice of no other. The decree precludes them from relying further on the redemption proceedings, but it does not vest in the complainant any title which he did not claim by his bill. The attachment title, therefore, must stand upon its own merits.

The attachment proceedings are assailed, on the ground that the steps necessary to give the court jurisdiction were not complied with.

The writ issued July 31st, 1849, and was, by law, and in fact, made returnable August 7th. On the day after its date it was returned served on the land in question, and, without waiting for the return day, it was also at once returned not found as to the attachment debtor. At the third term after the return, a declaration was filed, and judgment entered upon it the same day, without any proof of publication. Some time after the judgment an affidavit of publication was made and filed, which declared that a notice annexed had been published for six successive weeks "*preceding the said* 23*d day of September.*" There was nothing in the affidavit or papers referring to, or identifying any month of September, and the notice itself was not dated.

Where there is no personal service, the publication of notice is necessary to enable the court to obtain jurisdiction; and no judgment is valid without it. It has always been required in special proceedings against parties not served or appearing, that the substituted service shall be strictly regular under the statutes. The publication stands in lieu of personal summons. —*Thompson v. Thomas*, 11 *Mich.* 274. And the statute makes proof of publication a prerequisite to the plaintiff's declaring and proceeding to judgment.—2 *C. L.* § 4761.

In this case the return was premature, as the sheriff could not know that the defendant in attachment might not be found by the return day.

The declaration and judgment were both made when there was no proof that he had been legally notified. And, even if the subsequent filing of proof could have cured the defect, no such proof was furnished of any notice or publication conforming to the statute, as there were. no dates showing when the notice was given.

The judgment in attachment was, therefore, a nullity, and no title passed under it. The plaintiff is, therefore, entitled to a reversal of the judgment below, and to the entry of judgment in his favor, with costs of both courts.

The other Justices concurred.