### STEPHEN PADDOCK vs. EVI SMITH.

WHERE the Sheriff levies a writ of attachment upon property but is unable to find the defendant, he has till the return day to enable him to make personal service of the writ ; and an actual return before that day is premature.

If, however, he return the writ 'not personally served' before the "return day," and the plaintiff within thirty days after the "return day" give notice by advertisement as provided by § 4759 C. L., and subsequently file his declaration in the case, after making proof of such publication, the writ will not be quashed or dismissed nor the subsequent proceedings set aside in consequence of such premature return, nor (under § 4759, C. L.,) by reason of a defective jurat to the affidavit of publication, when it is satisfactorily explained at the time the motion is heard, so that it may be corrected.

In this cause the writ of attachment was issued and the proper affidavit was made and attached thereto, Oct. 15, 1669 the writ being made returnable on Tuesday, the 2d day of Nov., 1869.

The writ was returned and filed with the clerk by the Dept. Sheriff, Oct. 18, 1869. Served by a levy on real estate of the defendant, but returned " defendant not found."

On the 12th of Nov., 1869, the plaintiff caused a notice of the attachment to be published, under § 4759, C. L., and on the 28th of Dec., 1869, filed affidavit of publication commencing on the 12th day of Nov., 1869, and ending on the 24th day of Dec., 1869, but the jurat, by mistake, as it afterwards appeared, was dated Dec. 17th, instead of Dec. 24, 1869, the time where it was last sworn to ; the printer having first sworn to it one week too soon, and afterwards, when resworn, the jurat was left unchanged and it was so filed.

On the 28th of Dec., 1869, the plaintiff filed declaration and caused an entry to be made of the defendant's appearance.

On the 14th of Feb., 1870, defendant appeared specially for the purpose of making the motion, and moved the Court to quash the writ and dismiss the attachment, with costs, under § 4759, C L.

The plaintiff, by leave of the Court, filed affidavits showing that the affidavit of of publication was sworn to on the 24th of Dec., 1869 ; it having before being filed been sworn to once before, being a week too soon, and on being discovered, was kept over one week longer, and the publication of notice continued in the newspaper another week, and on the re-swearing of the affiant the notary neglected to alter the date of the jurat ; and on motion of plaintiff's attorney, the officer was allowed to amend the jurat in accordance with the fact, which was thereupon done ; and the plaintiff opposed these facts, in

connection with the papers and proceedings in the case, to the motion of the defendant.

*M. S. Bowen,* Defendant's Attorney, for the motion.

*Parsons & Pratt,* Plaintiff's Attorneys.—*Contra.*

*By the Court,* UPSON, J.—Jurisdiction of the action in the first instance was obtained, it at all, by the making and attaching the necessary affidavit to the writ, under the statute. §§ 4742, 4743, C. L.

Whether the Court can legally continue to exercise that jurisdiction, depends upon the taking of the proper steps after the first. The notice is not necessary to give the Court jurisdiction of the action at the commencement. But when jurisdiction has been obtained, the subsequent proceedings, and especially those for the giving notice to a defendant not served with process, must conform to the law in order to authorize the exercise of its jurisdiction by giving judgment; and the statute in this State, in case of neglect to publish notice, requires the attachment to be dismissed with costs. § 4759, C. L.; *Drake on Attachments,* §§ 436, 437.

Mr. Drake, in the sections above quoted, says that want of such conformity will be error and a good ground for reversing the judgment of the Court, but will not make the proceedings void; but under our statute, the Supreme Court, in *King vs. Harrington,* 14 *Mich.,* 532, intimate that where the defendant is not served with process, the publication of notice is necessary to enable the court to obtain jurisdiction, and, also, that a return by the sheriff before return day is premature, as he could not know but that the defendant might be found by the return day. By the affidavits filed and amendment now made, in this case, the proof of publication appears to be sufficient, and although the return by the sheriff was premature, yet we fully concur with the views of the Court as expressed in the case of *Scudder vs. York et al,* 1 *Mich. Nisi Prius,* page 35, viz.: "As the writ, in contemplation of law, is not to be considered as returned, until the 'return day' thereof, it the defendant should come within the officer's bailiwick before that time, it would be the duty of such officer to serve his writ; and though he may

have actually deposited it with the clerk, I can see no reason why he might not, in such case, take it again for service." Doubtless the more correct practice would be for the officer to retain the actual possession of the writ until the return day.

Motion denied.