## Orville I. Millar v. Marshall D. Babcock and another.

*Levy and sale: Record of deed: Attachment: Bona fide purchaser.* An attachment levied in October, 1840, and sale under it in February, 1842, but the deed not recorded until 1868, will not prevail against a *bona fide* purchaser whose deed was recorded in 1843.

*Registry laws: Levies: Execution sales.* The effect of the various registry laws in regard to levies and execution sales discussed.

*Sheriff's deed on execution sale: Purchaser under attachment levy.* Until the sheriff's deed is executed, no one holds the legal position of a *"purchaser"* under an attachment levy, within the registry laws.—*Columbia Bank v. Jacobs, 10 Mich., 349.*

*Heard May 1. Decided May 14.*

Error to Kalamazoo Circuit.

*May & Buck,* for plaintiff in error.

*Severens & Burrows,* for defendants in error.

CAMPBELL, J.

Plaintiff brought ejectment for certain lands in Kalamzoo county, and made out a complete chain of title by deeds made and acknowledged, and recorded in due form of law, only a portion of which it will be necessary to refer to particularly. Abraham Smolk, being seized, made a conveyance to Myron A. Smolk, dated February 2, 1839, and recorded August 1, 1839. Myron A. Smolk conveyed to Hiram Joy, November 20, 1843, and that deed was recorded December 12, 1843. The chain of title comes down from these conveyances.

The defense undertook to rely, and were allowed to sustain their defense, under certain attachment proceedings, whereby a levy was made October 17, 1840, upon "all the right, title, and interest which Abraham Smolk had in or

to the real estate," and whereby, on the 26th day of February, 1842, certain deeds were made by the sheriff, not recorded until 1863.

Without considering the regularity or validity of these proceedings for any purpose, the attachment did not make any one competent to claim the position of a purchaser before the sheriff's deed. This was distinctly held in *Columbia Bank v. Jacobs, 10 Mich. R., 349.* It was held in the same case that, while the statute then in force required the attachment levy to be filed in the registry of deeds in order to give it any force as a lien, the law contained no provision giving it force by way of priority over conveyances, and no registry law has any operation beyond the fair meaning of its terms. Under the Revised Statutes of 1838, nothing is said as to such filing operating as constructive notice. The provision simply declares that the attachment " shall be a lien" from the time the papers are filed.—*R. S. 1838, p. 507.*

It would be giving more weight to the levy than to the completed sale to allow it any such force as is claimed here. The statutes of 1838 were less liberal in favor of conveyances unrecorded than our present statutes. By section 25 of the chapter on alienation by deed (*p. 260*), it is provided that no conveyance shall be valid " against any other person than the grantor, and his heirs and devisees, and *persons having actual notice* thereof, unless it is made by a deed recorded as provided in this chapter." Actual notice is here used as different from constructive notice.—*Hubbard v. Smith, 2 Mich. R., 207.* Such a conveyance, therefore, not having been recorded at all until 1863, was not valid against any of the parties claiming under the several conveyances of the title derived from Abraham or Myron Smolk, without actual notice. The levy, even had the title stood of record in Abraham Smolk, could

not save the deed for purposes of notice, when the deed itself should have been recorded.

We·do not wish to be understood as intimating that the attachment title was regular. But as the plaintiff was entitled to recover on his title, whether those proceedings were regular or not, we do not think it worth while to discuss them. The court erred in the various rulings which held notice unnecessary to invalidate the conveyances under which plaintiff claimed.

The judgment must be reversed, with costs, and a new trial ordered.

COOLEY, J., and CHRISTIANCY, CH. J., concurred.

GRAVES, J., did not sit in this case.