## Orville J. Millar v. Marshall D. Babcock.

*Evidence.* Secondary evidence is admissible to prove a writ of attachment in collateral proceedings, where the writ is gone from the files.

*Attachment: Publication of notice: Jurisdiction.* Where a plaintiff in attachment fails to publish notice of the proceedings within thirty days after the return day of the writ, as required by the statute (*Rev. Stat. 1838, p. 508, § 6*) on a failure to make personal service on the defendant, the court loses jurisdiction to proceed further; and the publication of notice after the expiration of the statutory period, is ineffectual to preserve the lien of the attachment.

*Fraudulent conveyances: Judgment creditors: Void judgment.* Only judgment creditors can assail a conveyance on the ground that it is fraudulent as to creditors; and one who has only a judgment which is void for want of jurisdiction is not in a condition to question such a conveyance.

*Execution sales: Statute of limitations: Void judgment.* A sale upon execution on a judgment which is void for want of jurisdiction will not authorize the purchaser to claim the benefit of the statute (*Comp. L., § 7137*) requiring action to be brought within five years where the defendant claims title by or through a deed, upon a sale thereof by a sheriff, etc., under the order, judgment, etc., of a court or legal tribunal of competent jurisdiction within this state.

*Submitted on briefs May 13.    Decided July 14.*

Error to Kalamazoo Circuit.

*May & Buck,* for plaintiff in error.

*Severens & Boudeman,* for defendant in error.

COOLEY, J.

When this case was here before it was decided that on the record, as it then stood, the plaintiff was entitled to recover, whether the attachment proceedings under which the defendant claimed were valid or not. He had shown a complete chain of title to himself, which was in no manner successfully assailed, and which put the title out of the defendant in the attachment when those proceedings were taken, and left nothing for them to operate upon.—*Millar v. Babcock, 25 Mich., 137.* On another trial an attempt has been made to show that the previous deed given by the

attachment debtor was void for fraud; and to open the way to this, the attachment proceedings were again put in evidence, and their validity is in issue.

The affidavit for the attachment appears to have been in substantial compliance with the statute, and was sufficient. And we discover no error in the admission of secondary evidence to prove the writ of attachment, which was gone from the files. But we think the court lost jurisdiction of the case when the plaintiff failed to publish notice of the proceedings within thirty days after the return day of the writ, as required by the statute.—*R. S., 1838, p. 508, § 6.* This publication is permitted by the statute as a substitute for personal service:—*Thompson v. Thomas, 11 Mich., 274;* but the lien which is obtained is special and extraordinary, and the remedy is given to enforce it if the provisions of the statute are observed in the steps taken, but is lost when these are departed from.—*Buckley v. Lowry, 2 Mich., 418; Roelofson v. Hatch, 3 Mich., 277.* There was no warrant for publication of notice after the thirty days had expired. The attachment lien acquired by service of the writ on property is preserved for that time awaiting the notice, but if this next step in the proceedings fails to be taken within the time, the lien is not retained indefinitely awaiting the possible action of the plaintiff afterwards. His subsequent notice is ineffectual, because the statute makes no provision for it.

The attachment proceedings being ineffectual, it is immaterial to this controversy whether the conveyance by the defendant in attachment, of the lands in controversy, was or was not fraudulent as to creditors. Only judgment creditors could assail it on that ground, and as the plaintiff in attachment never obtained a valid judgment, he was never in position to question it.

The defendant insists, however, that as the court assumed to give judgment in the attachment suit, and an execution was issued and a sale of the lands made and deed

given thereon, and as the defendant was in possession of the land claiming under this deed when suit was brought, and had been for more than five years, that the remedy of the plaintiff is barred by the act of 1863 (*Comp. L.*, § *7137*), which requires action to be brought "within five years, where the defendant claims title to the land in question, by or through some deed made upon a sale thereof by an executor, administrator or guardian, or by a sheriff or other proper ministerial officer under the order, judgment, decree or process of a court or legal tribunal of competent jurisdiction within this state." But to bring the case within this statute, there must have been a judgment or process in fact, and not merely a sale upon an execution which is void because it has no judgment to support it. The statute was designed to compel parties who would contest judicial sales for irregularities or defects, to do so within a reasonable time; but if the case is one in which there neither has been nor could be a judicial sale, because no action of a court has ever authorized one, the statute has no application.

Numerous exceptions were taken on the trial which we have not noticed, because what has been said seems to cover the case. The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.