DANIEL J. CAMPAU v. LOUIS CHARBENEAU, DRAIN COMMISSIONER, ETC.

*Drains—Non-resident owner—Substituted service.*

1. The statute authorizing substituted service of process or notice must be strictly complied with in order to confer jurisdiction upon the court or officer authorized to act thereunder; citing *Colton v. Rupert*, 60 Mich. 325; *Hannah & Lay Mercantile Co. v. Mosser, ante,* 18.

2. Under section 7 of chapter 3 of the drain law of 1885, which, as amended by Act No. 203, Laws of 1893, provides that the citation issued by the probate court on the application of a drain commissioner for the appointment of special commissioners to determine the necessity for a proposed drain, etc., to the persons whose lands are traversed by such drain, or who will be liable to assessment for benefits in the construction thereof, and who have not released right of way and all damages on account thereof, shall recite so much of the premises as will show jurisdiction, and in the case of non-resident owners, or owners not residing upon the lands affected, shall be addressed to the owner or owners of the several descriptions of land involved, the publication by said drain commissioner of a citation not so addressed will not give jurisdiction as against an owner of a parcel of land so involved, who is a non-resident of the county in which the drain is to be constructed, it appearing that said non-resident owner was the only party whose land was to be taken by said condemnation proceeding, all others having released the right of way; that his name and residence were well known to the drain commissioner, and appeared in the application

to the probate court; and that said drain commissioner neglected to serve said citation upon said non-resident owner personally.

*Certiorari.* Argued May 3, 1895. Proceedings quashed May 21, 1895.

Petitioner brings *certiorari* to review proceedings to clean out and extend a drain. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for petitioner.

*B. R. Erskine,* for respondent.

LONG, J. This proceeding by *certiorari* is brought to review the action of the respondent drain commissioner in the matter of cleaning out and extending a drain under the provisions of Act No. 227, Laws of 1885, as amended. The commissioner made an order of determination, and certain parties interested released the right of way. The petitioner here refused to release, and application was made to the probate court of Macomb county for the appointment of commissioners. Petitioner, who resides in the city of Detroit, had no notice of these proceedings. Respondent published a notice as the statute requires, but the notice was not addressed to the petitioner. Proof of publication of the notice was made, and the commissioners were appointed, and made their report. The drain commissioner made his final order of determination, and the petitioner here, having ascertained that such proceedings were had, brought the case into this Court.

The statute[1] requires that—

"The citation [or notice] shall recite so much of the premises as will show jurisdiction, and, in the case of resident owners who reside upon the premises affected by said drain, shall be addressed to such owners by name; in the case of non-resident owners, or owners not residing

[1] Act No. 203, Laws of 1893, § 7. (This section was again amended by Act No. 217, Laws of 1895.)

upon the lands affected, it shall be addressed to the owner or owners of the several descriptions of land involved."

The principle is well settled in this State that the statute authorizing substituted service of process or notice must be strictly complied with in order to confer jurisdiction upon the court or officer authorized to act thereunder. *Colton v. Rupert*, 60 Mich. 325; *Hannah & Lay Mercantile Co. v. Mosser, ante*, 18. It appears that the petitioner was the only party whose land was to be taken by this condemnation proceeding. All others had released the right of way. His name and residence, it appears, were well known to the commissioner, and appeared in the application to the probate court. The commissioner had the right, under section 7 of the act of 1893, above cited, to serve personal notice upon him, and then could proceed without publication of notice. He neglected this, and proceeded by this substituted form of service; and even from this it appears that the name of Mr. Campau was left out.[1]

Some other questions are raised, but, as we are satisfied that the drain commissioner never had jurisdiction, so far as the petitioner here is concerned, to proceed with the appointment of commissioners, or to make the final order, we need not discuss them.

The proceedings must be quashed.

The other Justices concurred.

---

[1] The citation was not addressed to petitioner either by name, or as owner of the property involved.