RICHARDSON LUMBER CO. *v.* JASSPON.

TAXATION—TAX TITLES—NOTICE TO REDEEM — SERVICE — COPY — SUFFICIENCY.

 A notice to redeem from a tax sale, under section 140 of the tax law (Act No. 229, Pub. Acts 1897), is sufficient if an exact copy of the notice be served. *John Duncan Land & Mining Co.* v. *Rusch,* ante, 1, followed.

Appeal from Cheboygan; Shepherd, J. Submitted October 19, 1905. (Docket No. 86.) Decided July 9, 1906.

Bill by the Richardson Lumber Company against Anna Jasspon and Frank W. Gilchrist to quiet title to land. From the decree rendered, complainant appeals. Affirmed.

Complainant, by mesne conveyances from the government, became the owner of the original title to the lands here in dispute. Its conveyances were obtained, one in November, 1901, and the other in January, 1902. Defendant Jasspon in August, 1899, purchased the lands from the State for delinquent taxes for the years 1882 to 1894, inclusive. Her deeds were duly recorded. Defendant Gilchrist has an interest in the land obtained from the defendant Jasspon, acquired after the expiration of the six months specified in the notice. Shortly after obtaining these deeds she caused notice to be served under Act No. 229, Pub. Acts 1897, amending section 140 of the general tax law. This act provides that:

"No writ of assistance * * * shall be issued until six months after there shall have been filed with the county clerk * * * a return by the sheriff of said county, showing that he has made personal service * * * * of a notice; * * * or (in case of the nonresidence of the grantee, etc.) he shall send to such grantee,

etc., a copy of said notice by registered letter, if the address of such grantee, etc., be known to him."

The then owners of the land were residents of the State, and the sheriff made return of service upon them, that he has " served the within and foregoing notice  *  *  *  by personally delivering to  *  *  *  a true copy of said notice." In May, 1902, complainant applied to the auditor general for certificates of error against said sales. The application was denied. In September, 1902, complainant filed petitions to open the decrees under which the sales were made. These petitions were dismissed in January, 1903, and no appeal taken therefrom. On January 17, 1903, complainant filed a petition for leave to file a bill of review in said proceedings. To this petition answers were filed, but whether such petition has been heard and decided by the court the record does not show. Soon thereafter, the exact date not appearing, complainant filed this bill to quiet title, alleging the invalidity of the defendants' tax title. Issue was duly joined, proofs taken, and the bill dismissed.

*Henry K. Gustin*, for complainant.

*I. S. Canfield*, for defendants.

GRANT, J. (*after stating the facts*). Is the notice, served upon the owner of the land in this case, in compliance with Act No. 229, Pub. Acts 1897, and valid ? This is the sole question in the case. Counsel for complainant contends that the notice is void because the return of the sheriff shows that a copy, and not the original notice, was served. It is further contended that this notice is a step in the proceedings to divest the owners of land of their titles, and therefore must be strictly followed. Counsel insists that this notice is similar to, and must be governed by, those cases wherein notices have been held insufficient to confer jurisdiction in garnishment, attachment, and drain cases, citing *Campau* v. *Charbeneau*, 105 Mich. 422; *Hannah & Lay Mercantile Co.* v. *Mosser*, 105 Mich.

18; *Millar* v. *Babcock*, 29 Mich. 526; *Buckley* v. *Lowry*, 2 Mich. 418; *King* v. *Harrington*, 14 Mich. 532; *Colton* v. *Rupert*, 60 Mich. 318. All these cases involve proceedings before judgment necessary to be taken or notices to be given in order to confer jurisdiction upon the courts or the drain commissioner.

In *Campau* v. *Charbeneau* the petitioner, a resident of Detroit, owned lands in Macomb county, through which the respondent, the drain commissioner, had taken proceedings to establish a drain. No personal service was made upon the petitioner, who was the only one whose land was to be taken, but a published notice in Macomb county, which was not addressed to the petitioner, was relied upon as sufficient. The statute required the notice to be addressed to the owner. It was held that the notice was void.

In *Hannah & Lay Mercantile Co.* v. *Mosser* the provision of the statute requiring notice was wholly ignored.

In *Millar* v. *Babcock* the statute required the publication of a notice which was not given, or published, in consequence of which the court lost jurisdiction.

In *Buckley* v. *Lowry* a writ of attachment was held void because the statutory affidavit was not annexed thereto.

*King* v. *Harrington* is a similar case.

In *Colton* v. *Rupert* an affidavit to bring in the defendant, who was absent from the State, was held void because it did not contain the statutory requirements.

These cases are based upon the well-known principle that such proceedings are in derogation of the common law, are harsh, and must therefore be strictly construed and followed. In this case the proceedings had been taken in court to determine the title held by the defendants. The owners of the land had an opportunity to appear in that court and set up any defects in the proceedings. They neglected to do so. As this court has often said, every landowner knows that his lands are subject to taxation to support the government. It is his duty to watch

the proceedings, and, if he claims fatal defects therein, to appear before the several tribunals to obtain redress. See *Commissioner of State Land Office* v. *Auditor General,* 131 Mich. 147. In many, and probably most, cases the failure to pay is intentional. It is well known that large areas of timber lands are intentionally abandoned by the owners after the timber has been removed. But whether the failure to pay, or to seek redress in the ways provided by law before the decree, results from intention or neglect or other cause, is immaterial. The validity of the tax titles here in dispute has been established by decree of the court. The notice required by Act No. 229 is one of favor to the original owner, by which he is permitted to still save his land by paying twice the amount of the tax and certain other charges. It is not a harsh proceeding, and should not, in my opinion, be subject to the same strict rules which are made to govern the harsh proceedings by attachment, garnishment, and condemnation of land in drain and similar proceedings. It is not a notice required in the course of proceedings to divest the owner of his title. It is a favor granted to him after he has been divested of his title, by which his title may be restored to him.

The theory of the tax law and the status of the title, when these notices are given, are important to consider. It is the theory of the law to give the landowner every opportunity before the assessor, the boards of review, and the courts, to appear and show why his assessment is unjust, or for any good reason is void. If he is dissatisfied with the decision of the chancery court, he may appeal to the court of last resort. The law thus furnishes him every opportunity to secure and protect his rights. The name given by courts or layman to the right conferred by section 140 is of no consequence. We spoke of it in *Pike* v. *Richardson,* 136 Mich. 414, as a statute providing for redemption, and to be liberally construed in favor of the redemptioner. The statute fixes the status of the title. The land of complainant had been duly assessed, and it

neglected to pay its taxes, or to take any steps provided by the law to test the validity of the tax. Due proceedings in chancery were had, the tax lien foreclosed, its property sold, and the title conveyed to the defendant Jasspon.

The amendment to the general tax law (section 140) expressly recognizes that the proceedings to foreclose, if regular, have conveyed the title to the tax purchaser. The language of this section is:

"No writ of assistance * * * for the possession of any land *the title to which has been obtained* under and in pursuance of any tax sale hereafter made," etc.

The notice to be served is provided by the statute, and requires the tax title owner to state that *a sale of said land has been lawfully made, and that "the undersigned has title thereto under tax deed issued therefor, and that you are entitled to a reconveyance,"* etc. Section 141, a part of the same act, also provides that when the original owner has paid he shall be entitled to "a reconveyance" of the land. This language is consistent only with the theory that the title has passed out of the original owner into the owner of the tax title, and that the former is entitled, in the language of the statute, to a reconveyance, if he chooses to pay twice the amount of the tax and certain other charges.

Whether you call the notice served the original or a copy is, I think, of little significance. The record shows the notice which in form is in strict compliance with the statute. The sheriff returns that he served it by personally delivering a true copy thereof. In *Williams* v. *Olson*, 141 Mich. 580, the return of the sheriff showed that he served "a notice of which the notice hereto attached is an exact duplicate, by delivering," etc. The notice was held valid. What difference is there between an "exact duplicate" and an "exact copy?" The landowner had a notice just as effectual as though he had been served with what is called the "original." See *Bradley* v. *Williams,*

139 Mich. 230;  *John Duncan Land & Mining Co.* v. *Rusch,* ante, 1.

I think the decree should be affirmed, with costs.

HOOKER, J., concurred with GRANT, J.

MONTGOMERY, J.  I concur in holding this case ruled by *John Duncan Land & Mining Co.* v. *Rusch,* ante, 1.

McALVAY and BLAIR, JJ., concurred with MONTGOMERY, J.