BARNES *v.* CURRY.

1. PROCESS — SUMMARY PROCEEDINGS—SERVICE OF SUMMONS—DILIGENCE OF OFFICER—SUBSTITUTED SERVICE.
   Where, in an attempted service of summons in summary proceedings, the officer was informed that the defendant was not at home, that he was employed by a railway company, and that his home-coming was irregular, and the officer made no further effort to secure personal service, such showing of diligence is *held*, insufficient to lay a foundation for substituted service under Act No. 293, Pub. Acts 1921.[1]

2. SAME—SUBSTITUTED SERVICE—ORDER OF PUBLICATION MUST BE PUBLISHED.
   In such proceedings, where there was no proof that the order of publication was ever published, nor that service of such order was had upon defendant, the judgment of restitution was a nullity and could be questioned in any court.[2]

3. SAME — COMMISSIONER'S JUDGMENT VOID WHERE NO VALID SERVICE SHOWN.
   Where, in a suit to set aside a judgment of restitution and for the specific performance of a land contract, the defendants failed to show a valid judgment by the commissioner and a valid service upon the plaintiffs, the court below properly entered a decree in favor of the plaintiffs.[3]

Appeal from Wayne; Jayne (Ira W.), J.    Submitted June 16, 1925.    (Docket No. 4.)    Decided October 27, 1925.

Bill by Harry L. Barnes and another against Forrest S. Curry and another to set aside a judgment of restitution, and for the specific performance of a land contract.    From a decree for plaintiffs, defendants appeal.    Affirmed.

---

[1]Process, 32 Cyc. p. 470; [2]Id., 32 Cyc. pp. 483, 484 (Anno); [3]Court Commissioners, 15 C. J. § 4 (Anno).

*Echlin & Lendzion,* for plaintiffs.

*Rosenthal, Rosenthal & Rosenthal,* for defendants.

BIRD, J. On August 1, 1922, plaintiffs purchased from defendants, on land contract, a dwelling on Fulton avenue, in the city of Detroit, for the sum of $4,600. Plaintiffs paid down $1,946.25, leaving a balance of $2,653.75, to be paid at the rate of $45 per month, with interest on unpaid balance at 6 per cent. Plaintiffs got in arrears as to some of the payments and defendants, on the 4th day of April, 1923, commenced an action before a circuit court commissioner to eject them. This action resulted in a judgment for restitution and the plaintiffs were accordingly evicted.

Plaintiffs then filed this bill claiming they were wrongfully evicted. They admitted they were in arrears with reference to some of their payments, but offered in the bill to make payment thereof, and prayed for an accounting and for an injunction inhibiting the defendants from selling or incumbering the property during the progress of the trial. Plaintiffs also claim in their bill that, after the judgment for restitution was rendered by the commissioner, defendants promised they would accept the full amount due upon the contract, but afterwards when it was tendered to them they refused it, and insisted upon having the property, thereby depriving plaintiffs of the $2,000 which they had paid thereon. After hearing the claims of the respective parties the chancellor determined that the judgment rendered by the commissioner was void. He determined the amount that was due on the contract, together with all delinquent taxes, and found the sum to be $918.54, and provided payment thereof should be made on or before the 20th of February, 1924, and further provided, upon payment thereof, plaintiffs should be repossessed of their

property. From that decree, the defendants appeal.

The important question in the case is whether the judgment rendered by the commissioner is valid. The testimony of the constable shows that he went to plaintiffs' home and served Mrs. Barnes with a summons, but got no service upon Mr. Barnes as he was not there. He was informed by Mrs. Barnes that Mr. Barnes was a conductor on the Wabash railway and that his goings and comings were somewhat uncertain. Notwithstanding this information he did not go to the Wabash to make inquiry. He appears to have made no further effort to get service upon Mr. Barnes, and yet he returns that after diligent search and inquiry he was unable to find him in Wayne county. When the return was made and filed, some one, it does not appear who, made an affidavit for an order of publication, under Act No. 293, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 13243), for substituted service. The affidavit does not appear in the record. The ground upon which the order was evidently granted is under the second requisite provided by the statute:

"That the defendant is a resident of this State, and that process for his appearance has been duly issued and that the same could not be served by reason of his absence from or concealment within this State, or by reason of his continued absence from his place of residence."

It does not appear in the record who made this extraordinary affidavit. The constable was advised where Mr. Barnes worked and for whom he worked, and he was informed how he was employed, and that his home-coming was irregular. Mr. and Mrs. Curry knew that Mr. Barnes lived in Detroit, and knew that he worked for the Wabash Railway Company. The attorney for the defendants knew that Mr. Barnes resided in Detroit, and also knew that he worked for

the Wabash Railway Company.    We think that the act referred to authorizing a substituted service was not intended to cover a case of this kind.    The testimony of the constable shows that he made no diligent effort to find the plaintiff, Mr. Barnes.    It was said in *Soule* v. *Hough*, 45 Mich. 418, that:

"The statute was never designed to encourage getting constructive service on a merely temporary absence, and the affidavit should leave nothing ambiguous as to the diligence used to find the parties. As a matter of fact there can usually be no difficulty generally in finding residents within a reasonable time; and the court ought to have a sufficiently responsible showing to guide it in determining whether a case is fully made out.    The English statute, which was intended chiefly, if not entirely, to reach residents who were absent, was construed in *Burton* v. *Maloon*, Barnardiston, p. 401, as requiring a positive showing, and the New York court of chancery in *Evarts* v. *Becker*, 8 Paige, 506, is to the same effect."

"Where service is made in any but the ordinary ways, the rule has always been that its regularity must appear, and unless the facts on which it appears to have been allowed are such as would make it come within the statutory conditions, it cannot be maintained.    All extraordinary means of getting jurisdiction must be conformed to the legal authority." *Merrill* v. *Montgomery*, 25 Mich. 73.

What the showing was in the affidavit for the substituted service we cannot tell, except by the order of publication, which the commissioner made and signed.    What was done here by the officer to get service upon Mr. Barnes was by no means a diligent effort and did not lay a foundation for a substituted service under the act quoted.

But there is a further objection which is fatal to the proceedings before the commissioner.    It does not appear that the order of publication was ever published, as required by the statute.    It was necessary

for the defendants, if they intended to establish their rights by the commissioner's judgment, to show affirmatively a valid judgment and a valid service upon the plaintiff. This they did not do. The affidavit for the order of publication was not introduced in evidence. The affidavit of the printer was not introduced in evidence. There is a reference to the affidavit of the printer in the abstract of the commissioner's record that proof of publication was filed, but there is nothing to show where it was published, by whom it was published, whether it was published the requisite number of times provided by the statute, or whether it was published within the requisite time the statute provides. The material part of the statute in this respect provides:

"If his whereabouts shall be known, a copy of such order shall be personally served upon such defendant at least ten days before the time prescribed for the appearance of such defendant and proof of such service shall be made by the affidavit of the person who shall serve the same, made before a justice of the peace or notary public. * * * If the whereabouts of such defendant shall be unknown, upon filing an affidavit to that effect with the officer making the order, such order shall be published within five days after it shall have been entered, in such newspaper printed in the county, or in such paper as the court may direct, once in each week for three successive weeks, and shall contain the date, time and place set for the hearing of such case."

It is not shown or claimed that any copy of this order was served upon Mr. Barnes, although the defendants and their attorney admitted that they knew where he worked and by whom he was employed, and also where he lived. If the defendant's whereabouts be known the statute is mandatory that a copy of the order of publication shall be served upon him. The only reference to the proof of publication is in the certified copy of the record of the commissioner, but

that certified copy was not marked and offered in evidence as we can find in the record.     So, as a matter of fact, there was no proof of the publication of the order.     The record fails to show that there was ever any valid service upon Mr. Barnes.     He was not served with a summons, he was not served with the order of publication, and there is no evidence that the order was ever published, and, hence, the judgment against him is invalid and he had a right to question it in any court.     *King* v. *Harrington*, 14 Mich. 532; *Nugent* v. *Nugent*, 70 Mich. 52.

"If a court act without authority, its judgments will be regarded as nullities; and the jurisdiction of the court exercising authority over a subject-matter may be inquired into in every court where the proceedings of the former are relied upon by a party claiming the benefit of such proceedings."     *Greenvault* v. *Farmers, etc., Bank*, 2 Doug. 498.

In *Steere* v. *Vanderberg*, 67 Mich. 530, Mr. Justice CHAMPLIN said:

"It is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons not found within the State must be confined to the cases and exercised in the way precisely indicated by the statute; and it may also be regarded as settled law that a failure to comply with the statutory requirements, where the jurisdiction conferred is special, and no personal service is obtained, renders the judgments null and void."

And under such circumstances the judgment may be questioned in a collateral proceeding.     *Millar* v. *Babcock*, 29 Mich. 526; *King* v. *Harrington*, 14 Mich. 532.

We concur in the conclusion of the chancellor that the proceedings before the commissioner were void as to Mr. Barnes.

We have examined the other questions raised by defendants and we think they need no further considera-

tion. We are in accord with the decree of the trial court.

The decree will be affirmed, with costs of both courts to the plaintiffs.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.