### WOODS *v.* WARK.

1. JUDGMENT—CIRCUIT COURT COMMISSIONER WITHOUT JURISDICTION TO RENDER JUDGMENT AFTER CASE DISMISSED.

   Where a circuit court commissioner dismissed a case, he thereafter had no jurisdiction of the subject-matter, and therefore had no right to render a judgment therein.[1]

2. SAME—COLLATERAL ATTACK.

   A judgment of restitution, rendered by a circuit court commissioner after the case had been dismissed, without notice to the parties that it was to be reinstated, could be collaterally attacked in any court.[2]

   SHARPE, FELLOWS, and McDONALD, JJ., dissenting.

Appeal from Wayne; Codd (George P.), J. Submitted January 5, 1926. (Docket No. 10.) Decided June 7, 1926.

Bill by George W. Woods against Bruce H. Wark and Samuel L. May and Henry G. Nicol, circuit court commissioners of Wayne county, to enjoin summary proceedings, and to set aside a judgment of restitution. From a decree dismissing the bill, plaintiff appeals. Reversed.

*Wurzer & Wurzer* (*Groesbeck, Sempliner, Kelly & Baillie,* of counsel), for plaintiff.

*M. Thomas Ward,* for defendant Wark.

*Lewis A. Stoneman* and *William Rolston Brown,* for defendants May and Nicol.

BIRD, C. J. The Voight heirs own the southeast corner of Griswold and Larned streets in Detroit. On November 1, 1921, Bruce H. Wark leased it for 99 years. On August 24, 1922, Wark leased it to plain-

---

[1]Dismissal and Nonsuit, 18 C. J. § 143; [2]Id., 18 C. J. §§ 149, 156 (Anno); Judgment, 34 C. J. § 834.

tiff Woods for the balance of the term.     Early in 1925 Wark and Woods were at variance as to how much Woods was owing on the lease.     On April 2, 1925, the Voight heirs commenced suit before Circuit Court Commissioner Nicol for possession.     The return day was April 7th.     It was adjourned on that day to April 14th.     On April 7th, Wark, in turn, commenced suit before Circuit Court Commissioner May against Woods, the plaintiff herein, for possession of the premises for nonpayment of rent.     This cause was adjourned by agreement to April 14th, the same date as the other case had been set for.     On April 14th Woods filed a bill for an accounting in the circuit court and obtained an injunction inhibiting the Voight heirs and Wark from proceeding with their cases before the commissioner.     Following this both cases before the circuit court commissioners were adjourned to April 21st.     On April 21st neither party was present in the case of Wark v. Woods.     No one appearing, Commissioner May dismissed the case and made a notation on his files "Dis."     Nothing further was done until May 5th when the injunction was dissolved.     The Voight heirs then took judgment of restitution before Commissioner Nicol, and had the rent verified by the court.     Immediately thereafter the case of Wark v. Woods was taken up by Commissioner Nicol, and, no one being present for defendant, judgment of restitution was also rendered in this case, and the rent due was fixed.     It is shown by the files that two pen marks had been run through the abbreviation "Dis."     The contention of Woods is that the Court, in the latter case, was without jurisdiction to render the judgment.     This bill was filed to set it aside.

The record is rather persuasive that the case of Wark v. Woods before Commissioner May was dismissed by May on April 21st.     If this be the right

conclusion plaintiff is entitled to the relief which he prays. Mr. Fildew, one of the attorneys for Mr. Woods, testified that he went to the office of Commissioner May on the 21st and found the court work of the morning over and the files returned to the clerk's office. He inquired of the clerk about the case. The clerk got the files and found the word "Dis." indorsed thereon, and advised Mr. Fildew that the case had been dismissed; that he, Mr. Fildew, thereupon advised his client, Mr. Woods, that the case had been dismissed.

The testimony of Commissioner May adds some light on what was done on the 21st. He says:

"The 'Dis.' in the upper corner on the outside face of the jacket of this file is my handwriting. It was written there by me. I have no personal recollection as to how that was written there. In the handling of the case that is a sign of and stands for 'Dismissed.' That case was apparently dismissed by me one time or another. I have no recollection as to how it was reinstated afterward, nor have I any recollection of dismissing it. All I know is that that is my signature and this meant 'Dismissal.' "

If the case were dismissed on April 21st then it follows that Commissioner Nicol had no power on May 5th to render a judgment therein. It is argued, however, that Mr. Wood's remedy was to appeal, and that this is a collateral attack upon the judgment. We think not. If the case had been dismissed and the court had no jurisdiction of the subject-matter, then he had no right to render a judgment. *Barnes* v. *Curry*, 232 Mich. 532. And such a judgment could be collaterally attacked in any court. *King* v. *Harrington*, 14 Mich. 532; *Millar* v. *Babcock*, 29 Mich. 526; *Nugent* v. *Nugent*, 70 Mich. 52; *Steere* v. *Vanderburg*, 67 Mich. 530-536; *Barnes* v. *Curry, supra*.

But it is argued that the situation is analogous to the one where a justice announces that a case is dis-

missed when the parties are really present but are just outside the presence of the justice. We do not think those cases apply. Had it been the intention of the plaintiff and the commissioner to retain jurisdiction by reinstating the case or adjourning it Mr. Woods should have had some notice of it. He was informed by the files and also by the clerk that the case had been dismissed and he had a right to rely on it, and if any different or other arrangement was made it was necessary to give Mr. Woods notice of it.

To justify proceedings in the case of Wark *v.* Woods in commissioner's court after the injunction was released it was necessary that the case should have been adjourned to a fixed time and both parties advised of it, or if the case had been dismissed through misapprehension it should have been reinstated and the parties given notice of it.

We are of the opinion that Mr. Woods has not had his day in court upon the judgment rendered against him. The judgment will be set aside and held for naught. Plaintiff will recover his costs in both courts.

WIEST, J., concurred with BIRD, C. J. SNOW, STEERE, and CLARK, JJ., concurred in the result.

McDONALD, J. (*dissenting.*) I do not agree with the Chief Justice in reversing this decree. His conclusion that the case of Wark *v.* Woods in the circuit court commissioner's court was dismissed on April 21, 1925, or at any other time, is not supported by the proofs. In the first place the commissioner had no right to dismiss it. Its prosecution was enjoined by the injunction of the circuit court. It was the duty of the commissioner to hold it in abeyance until the injunction was dissolved or made permanent. The court records show that he did so and in this respect they are undisputed. The return day of the summons

was April 13, 1925.    Thereafter it was adjourned to April 14th; then to April 21st, and finally to May 5th, at which time, the injunction having been dissolved, the judgment in question was rendered.    Notwithstanding these adjournments, the plaintiff says that the case was dismissed on the morning of April 21st.    In other words, that the commissioner dismissed the suit on April 21st and immediately thereafter adjourned it until May 5th.

The commissioner was a witness and testified that he had no recollection of dismissing the case.    He further said:

"The only thing I have to go by are the records and files in my court, and they show that the case was adjourned, and judgment entered."

The circuit court commissioners of Wayne county have a very considerable business.    The clerk keeps a record of all court proceedings.    He enters the judgments.    In this case his records do not show an order or judgment of dismissal on the 21st of April.    It does appear that the case was adjourned on that day until May 5th.    The fact of adjournment negatives the claim of dismissal.    The only evidence offered by the plaintiff to show that the case was dismissed is the fact that on the left-hand corner at the top of the commissioner's jacket or file cover appear the letters "Dis."    The purpose of the commissioner in making minutes on his file cover is for the information of the clerk who enters the proceedings in the records of the court.    In his testimony, Commissioner May said that the letters "Dis." are in his handwriting, but that he had no recollection of putting them there.    He could only testify to his practice in all cases where such letters were used.    He said:

"I simply put 'Dis.' on that, for my clerk to make the entry.    That would be an instruction to him."

However, in this case the clerk did not make the entry, and no order of dismissal appears on his books. There was no judgment entry. Nothing from which the nonsuited party, if nonsuited, could appeal. The letters "Dis." were apparently inadvertently placed there by the commissioner, and are without any particular significance in this case.

The clerk's records are conclusive of the proceedings had before the commissioner. They are the permanent records of the court. They are the best evidence. They do not show a dismissal of the case. This fact and the fact of adjournment makes it very clear that there was no dismissal. Therefore, the court did not lose jurisdiction and the judgment rendered is valid.

The decree of the circuit judge should be affirmed, with costs to the defendants.

SHARPE and FELLOWS, JJ., concurred with MC-DONALD, J.