KATE L. PEASE & others *vs.* SUPREME ASSEMBLY ROYAL
SOCIETY OF GOOD FELLOWS & another.

Suffolk.    December 6, 1899. — September 5, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Beneficiary Association — Certificate — Equity — By-laws — Claimants
to Fund.*

A beneficiary association admitting its liability to pay the sum named in a certificate of insurance to the persons entitled to it, and the only question being as to who are such persons, a bill in equity will lie to determine that question, circuity of action being thus avoided.

The charter of a foreign corporation provided that upon the death of a member there might be paid out of the " Widows' and Orphans' Benefit Fund " a certain sum " to his family, or as he may direct." The certificate was issued in 1888, the beneficiary, who was the member's wife, died in 1895, and the member died in 1897. In the last named year, prior to his death, a by-law was amended so as to read that if, on the death of all the beneficiaries before that of a member, he should make no further designation of beneficiaries, the benefit should be paid to his next of kin. The member made no further designation. *Held,* on a bill in equity by the only next of kin of the member against the uncle and next of kin of the member's wife, who was the member's executor and sole legatee, that the by-law as amended was valid, and that the plaintiff was entitled to the fund.

BILL IN EQUITY, filed in the Superior Court, by the sisters and next of kin of Herbert H. Ceiley, a member of Menotomy Assembly, a subordinate lodge of the defendant corporation, against that corporation and Joel Barnard, an uncle and next of kin of the wife of Ceiley, and his executor and sole legatee. The prayer was for a decree that the plaintiffs were entitled to the sum due on a benefit certificate for $3,000 issued to Ceiley; that Barnard surrender the certificate and be enjoined from bringing suit thereon ; and that the defendant corporation, upon the surrender of the certificate, pay the plaintiffs the amount due thereunder. A decree was entered for the plaintiffs ; and Barnard appealed to this court.

*J. P. Parmenter,* for the plaintiffs.

*J. Q. A. Brackett,* for Barnard.

HAMMOND, J.    The defendant corporation admitting its liability to pay the sum named in the certificate to the persons

entitled to it, and the only question being whether the plaintiffs or Barnard are such persons, a bill in equity will lie to determine that question.   Circuity of action is thus avoided.   *Tyler* v. *Odd Fellows' Mutual Relief Association*, 145 Mass. 134.   *Marsh* v. *American Legion of Honor*, 149 Mass. 512.   *McCarthy* .v. *New England Order of Protection*, 153 Mass. 314.

Although several questions have been argued before us, yet as the conclusion to which we have come upon one of them is decisive of the rights of the parties, it is unnecessary to express an opinion upon the others.

The corporation is a foreign corporation, and its charter provides that upon the death of a member there may be paid out of the " ' Widows' and Orphans' Benefit Fund ' . . . a sum not exceeding six thousand dollars . . . to his family, or as he may direct."   It will be observed that there is no limit as to the class of persons, and therefore the member may appoint any person to be the beneficiary.

The certificate was issued in 1888, the beneficiary died in 1895, and the member died in November, 1897.   In 1897, prior to his death, section 5 of By-law X. was amended.   He was bound by this change, and, so far as that by-law is material, it must be taken as it stood at the time of his decease.   *Spilman* v. *Home Circle*, 157 Mass. 128.   *Pain* v. *Société St. Jean Baptiste*, 172 Mass. 319.   The beneficiary having died before the member, and no other or further designation of a beneficiary having been made upon which a certificate issued, the case falls within the terms of section 5, By-law X., as amended.   By the plain reading of that section the plaintiffs, being the only next of kin of the member, are entitled to receive the money.

But the validity of the section is attacked.   The defendant Barnard contends that it is inconsistent with the charter, and in support of that contention he argues that only two classes can be beneficiaries: first, the family of the member, and, second, any person he may direct; and that inasmuch as the plaintiffs were not members of his family, and were not persons to whom he specially directed the money to be paid, they do not come within either class named in the charter.

But this is taking too narrow a view of the charter and of the scope and intent of the by-law.   By the terms of the charter

the money may be paid to the family of the member, " or as he may direct." It was not the intention of the last phrase to limit the class of persons from whom the beneficiary should be selected, but rather to enlarge that class, and to permit the member to designate as a beneficiary any person, whether or not a member of his family or dependent upon him. The effect of the whole language is that the member may appoint any person to be a beneficiary. The plaintiffs, therefore, could have been beneficiaries had the member chosen to make them such. And the question is whether in effect he did this.

While the charter provides for the creation and payment of a certain fund to the family of a member, " or as he may direct," it nowhere states the manner in which that direction shall be made. That is left to be arranged between the corporation and the member ; and by a series of by-laws set out in Law X. the corporation has attempted to state how the designation shall be made in certain cases.

Sections 1 and 2 provide for the forwarding of the application for membership, and prescribe the manner in which at the time of making the application the beneficiary shall be named. Section 4 provides for the payment of the fund in the case of the death of one or more of the beneficiaries named in the certificate during the life of the member. Section 5 provides for the payment in case all the beneficiaries selected by the member be dead, and he has made no other or further designation upon which a new certificate has issued.*

---

* The by-laws in full, including section 5 as amended, are as follows:
"LAW X.  BENEFIT CERTIFICATE AND REGISTRATION.

" Section 1.    The Secretary of every Assembly shall forward to the Supreme Secretary every application for beneficial or social membership within five days from the applicant's initiation, and with each application for beneficial membership two dollars for registration fee, and for the payment of this fee the Secretary and Ruler are hereby authorized to draw orders on the Treasurer, without a vote of the Assembly.

" Sect. 2.    Each member shall enter upon his application the name (or names) and relationship of the members of his family, relatives, or those dependent upon him, to whom he desires his benefits paid, and the same shall be entered in the benefit certificate according to said direction."

" Sect. 4.    In the event of the death of one or more of the beneficiaries of a member, before the decease of such member, if he shall make no other or further designation of beneficiary, in accordance with the laws of this

The plain purpose of these by-laws is to provide for all cases where, by reason of death or otherwise, it is impossible to pay the money as specially directed by the member, to the end that some one shall have this benefit.

And we do not see why this cannot be done. Indeed, for aught that appears to the contrary in this case, it would seem that in a corporation like this, where by the charter the payment may be made to any one as the member may direct, a by-law would be perfectly valid providing that in the absence of any special direction the money should be paid to certain persons or classes therein named ; and we do not see why the whole matter of direction may not be regulated by by-laws and any special designation in the benefit certificate be dispensed with. The charter cannot be held to mean that the direction must be made in the benefit certificate. Any method of designation by the member, whether specially made in some one document or as the result of a by-law, provided that the member and the corporation understand each other, is warranted by the charter.

Ceiley was a member and a permanent officer of the organization, and it must be assumed that he knew and understood this by-law. He knew that it provided that unless he took out a new certificate his next of kin would be considered as his beneficiaries, and that the money would be paid to them as such. It is not to be supposed that he intended to dispute the validity of this by-law, but rather that it should be operative, and that the fund should go in accordance therewith. Under these circumstances his failure to take out a new certificate was in effect a designation of his next of kin as the real beneficiaries, and it was not any less a direction than it would have been if he had taken out a new certificate. The case is clearly distinguishable from *Harding* v. *Littlehale*, 150 Mass. 100.

---

society the benefit shall upon his death be paid in full to the surviving beneficiary or beneficiaries, each sharing pro rata as provided in the benefit certificate.

" Sect. 5.   In the event of the death of all the beneficiaries of a member before the decease of such member, if he shall make no other or further designation of beneficiaries, upon which benefit certificate shall have been issued, in accordance with the laws of this society the benefit shall be paid to his next of kin; and if there be no next of kin to receive such benefit, it shall revert to the W. and O. B. Fund·"

Such a direction is not inconsistent with the charter. The by-law is valid, and the fund should go to the plaintiffs as the next of kin. *Sargent* v. *Knights of Honor*, 158 Mass. 557.

> *Order overruling the demurrer affirmed; decree for the plaintiffs.*

