# ROYAL TRUST COMPANY OF MONTREAL *v.* GARDINER.

## TIFFANY *v.* GARDINER.

### EQUITY; INTERPLEADER; LIFE INSURANCE.

1. Equity has jurisdiction to entertain a suit to determine which of two rival claimants are entitled to the proceeds of a life insurance policy, as thereby circuity of action is avoided.

2. The regulation of a pending suit, where jurisdiction has attached, and to which a foreign corporation is a party, is merely an ancillary proceeding, and not an attempt to give jurisdiction over such party against its will.

3. The fact that a comprehensive and adequate decree may be entered covering the whole controversy between the parties, and a multiplicity of suits thereby avoided, will justify a court of equity taking jurisdiction of the controversy.

4. No principle of equity jurisprudence is violated by permitting a party in interest to file a bill in the nature of a bill of interpleader, to ascertain and establish his own rights, where there are conflicting rights between third parties.

5. An insurance company liable on a policy of life insurance filed a bill of interpleader against the beneficiary named in the policy and a foreign executor, whose testator, it was claimed, had made advances to the insured on account of premiums and had received an assignment of the policy. On motion of the executor, who specially appeared, the bill was dismissed against it for want of jurisdiction. Thereupon, the insurance company paid the proceeds of the policy into the registry of the court, and the attorney for the beneficiary, without notice to the insurance company, procured an order of the court directing the payment of the proceeds to himself, received them, and paid a portion of them to the beneficiary. Thereafter, the executor instituted an action at law on the policy against the insurance company, and the attorney filed a bill in equity praying that he be permitted to pay the proceeds remaining in his hands, or under his control, into the registry of the court; that the beneficiary, his former client, be required to do likewise with the portion of the proceeds he had paid her, that the insurance com-

pany, the executor, and the beneficiary be required to interplead, and that the action at law be restrained *pendente lite.* The insurance company filed an answer, which it asked be taken as a cross bill, praying for the same relief and also seeking discovery from the executor and the beneficiary. A plea by the executor to the jurisdiction was overruled, and, through an inadvertence, not brought to the attention of the court, a decree granting the relief asked by the plaintiff and the insurance company was passed before an answer was filed by the executor. On appeals by the executor and the beneficiary, this court affirmed the decree on the grounds that the bill was maintainable as a bill in the nature of · a bill of interpleader, and because in the single suit the rights of all of the parties could be determined. (Mr. Chief Justice SHEPARD dissenting.)

Nos. 2852 and 2879.   Submitted December 7, 1915.   Decided March 13, 1916.

HEARING on appeals by two of three defendants from a decree of the Supreme Court of the District of Columbia granting the relief prayed for in a bill in the nature of a bill of interpleader and restraining the prosecution in an action at law.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The Pittsburgh Life & Trust Company, a Pennsylvania corporation having an office and doing business in the District of Columbia, was liable on two policies of insurance on the life of Harry B. Tiffany, whose wife, Anna B. Tiffany, was the beneficiary. Mr. Tiffany died May 5, 1913, having assigned and surrendered the policies to J. Try Davies as security for money advanced. Mr. Davies died, leaving the Royal Trust Company of Montreal his executor. Administration was granted on the Davies estate in Canada. Both Mrs. Tiffany and the trust company claimed the proceeds of the two policies, aggregating $1,526.73. The insurance company admitted liability and was ready to pay the rightful claimant.

Thereupon Mrs. Tiffany, through her attorney, the appellee Gardiner, filed a bill in the supreme court of the District

against both the insurance company and the trust company. In that bill she alleged, among other things, that all advances made by Davies for the payment of premiums on the above policies were fully repaid, and that after their repayment "she failed to receive and record the reassignment of said policies, to which reassignment she became and was entitled." The insurance company answered that it held the proceeds for the person entitled thereto. Thereupon, the court passed an order directing payment into the registry of the court, and the insurance company complied with the order. The trust company then appeared specially and obtained a dismissal as to it for lack of jurisdiction. Thereafter the court, on the motion of Mr. Gardiner, passed an order directing the proceeds of the policies to be turned over to him, as attorney for Mrs. Tiffany, and this was done. Mr. Gardiner paid Mrs. Tiffany $600 of the sum thus received by him, with the agreement, it is alleged, that she would repay the same to him or the insurance company *if it should be found that she was not entitled thereto.*

Subsequently, the trust company filed a suit at law in the supreme court against the insurance company, declaring upon these policies. The insurance company then discovering that the proceeds of the policies no longer were in the registry of the court, demanded of Mr. Gardiner that he turn over to it such proceeds, and he acceded to the demand to the extent of $771. Mrs. Tiffany also claimed the balance not paid her.

Thereupon Mr. Gardiner filed the bill herein, praying that he be permitted to pay into the registry of the court the sum of $926.73, less poundage, under his control, the insurance company acquiescing; that Mrs. Tiffany be required to redeposit the $600 conditionally paid her; that the defendants (that is, the trust company, the insurance company, and Mrs. Tiffany) be required to interplead; and that pending the final determination of the case the trust company be enjoined from prosecuting its suit at law.

The insurance company answered and, among other things, averred that the trust company was not entitled to the proceeds of said policies, save possibly as to a small part thereof, but

that the insurance company has no means of proving the necessary facts to establish its defense in a law case; that, in order to do so, it is necessary to have discovery from both the trust company and Mrs. Tiffany. Affirmative relief, similar in part to that in Mr. Gardiner's bill, was prayed, the insurance company tendering "itself ready, able, and willing to respond to any claim against it said defendant (trust company) may establish herein."

Mrs. Tiffany answered, admitting the general allegations of the bill and alleging, specially, the substance of the averments in her original bill. She admitted the receipt of the $600, but denied that she ever agreed to repay the same, and claimed the balance of the proceeds of the policies.

The trust company filed a special plea to the jurisdiction. Hearing was had, whereupon the plea was overruled. Five days were allowed in which to answer, but, according to the record entries, a decree in harmony with the prayers of the bill and the answer of the insurance company was entered on the same day. This inadvertence does not appear to have been brought to the attention of the trial justice, although the appeal of the trust company was not noted until almost three weeks thereafter. Under the decree Mr. Gardiner was directed to pay into the registry of the court the sum of $128.22, less the cost of filing the original bill herein; the insurance company to pay into the registry of the court the sum of $771.04, and Mrs. Tiffany the sum of $600. The action at law was restrained, and Mrs. Tiffany and the trust company were required to interplead,— the trust company as plaintiff and Mrs. Tiffany as defendant. Mrs. Tiffany also noted an appeal from this decree. Thereafter, upon application by the trust company, a special appeal was allowed by this court.

*Mr. Jackson H. Ralston* and *Mr. William E. Richardson* for the appellant the Royal Trust Company.

*Mr. John Ridout* for the appellant Anna B. Tiffany.

*Mr. Lucas P. Loving* and *Mr. Wharton E. Lester* for the appellee the Pittsburgh Life & Trust Company.

The appellee, *Mr. W. Gwynn Gardiner,* appeared in proper person.

Mr. Justice ROBB delivered the opinion of the Court:

It is apparent that this controversy involves the proceeds of the two insurance policies, and that, but for the failure of service on the trust company, it might have been determined under Mrs. Tiffany's bill, the only question then being whether she or the trust company was entitled to those proceeds. Under such conditions, a bill in equity will lie, since thereby circuity of action is avoided. *Pease* v. *Supreme Assembly Royal Soc. G. F.* 176 Mass. 506, 57 N. E. 1003. Before service as to the trust company had been quashed, the insurance company, complying with an order of the court, deposited the proceeds of the two policies in the registry of the court. No one questions that this deposit was made in good faith. After the dismissal of the trust company, the interlocutory order was passed directing payment of the fund to Mr. Gardiner, as attorney for Mrs. Tiffany. By the passage of that order the court did not determine, nor pretend to determine, the merits of the controversy. The order amounted to nothing more than a substitution of Mr. Gardiner as the custodian of the fund. Certain it is that it did not amount to an adjudication that Mrs. Tiffany was entitled thereto. Her bill disclosed that the trust company was a material party, and, in addition, the order was passed without notice to the insurance company. It was at this juncture that the trust company voluntarily came within the jurisdiction and instituted a suit on the law side of the supreme court against the insurance company for the proceeds of the policies, although, as we have seen, it theretofore had refused to have its rights determined in the equity suit. Under such conditions, if the facts warrant, the equity court has ample jurisdiction to restrain or regulate a suit at law without reference to the resi-

dence of the parties. It would be a singular rule that would deprive a court of control over its own procedure. The regulation of a pending suit, where jurisdiction has attached, is merely an ancillary proceeding. It is not an attempt to gain jurisdiction over a foreign executor against his will, but is an assertion by the court of its right and power to exercise a jurisdiction voluntarily invoked, in such a way that full justice may be done. *Freeman* v. *Howe,* 24 How. 450, 460, 16 L. ed. 749, 752; *Farwell* v. *Great Western Teleg. Co.* 161 Ill. 522, 44 N. E. 891; *Chalmers* v. *Hack,* 19 Me. 124; *South Penn Oil Co.* v. *Calf Creek Oil & Gas Co.* 140 Fed. 507.

We come now to the question whether a case has been made for equitable relief. It is not questioned that, had the fund deposited by the insurance company remained in the registry of the court, the company would now be in a position to file a bill of interpleader. To be sure, when it made the deposit the validity of service upon the trust company had not been passed upon, but no negligence can be attributed to the insurance company because of that fact. The fund was not deposited with an attorney for one of the contesting claimants, but with the court; and the depositor might well have assumed that unless the litigation should proceed it would be notified. Certainly it had no reason to suppose that either of the claimants would be permitted to take possession of the fund before his right thereto had been determined. The good faith of this company is still further apparent when its answer is examined. Realizing that, although it may not have been negligent in the strict sense of the term, its failure to watch the proceedings after the deposit of the proceeds may have contributed to the partial dissipation of that deposit, and realizing that the trust company ought not to be prejudiced by reason thereof, it tenders itself ready, able, and willing to respond to any claim the trust company may establish herein. And yet, notwithstanding that it has acted in good faith and notwithstanding that it has restored and reproduced, so far as the trust company is concerned, the situation existing at the time the original deposit was made, the insurance company, unless a court of equity intervenes, must defend the

suit of the trust company, and, as set forth in its answer, at a disadvantage. The rights of Mrs. Tiffany, as between her and the trust company, would not be determined in that suit, nor would the responsibility of Mrs. Tiffany and Mr. Gardiner to the insurance company be fixed thereby. It thus appears that vexatious, needless, and unsatisfactory litigation is bound to ensue unless relief is granted herein. The controversy is one which, in its essence, appeals to a court of equity, for through the interposition of that court a comprehensive and adequate decree may be entered covering the whole controversy, and a multiplicity of suits thereby avoided. Such conditions justify the jurisdiction of equity. *Oelrichs* v. *Spain* (*Oelrichs* v. *Williams*) 15 Wall. 211, 21 L. ed. 43; *Smyth* v. *Ames,* 169 U. S. 466, 42 L. ed. 819, 18 Sup. Ct. Rep. 418; *Grand Trunk Western R. Co.* v. *Chicago & E. I. R. Co.* 73 C. C. A. 43, 141 Fed. 785; *National Life Asso.* v. *Hopkins,* 97 Va. 167, 33 S. E. 539; 16 Cyc. 63. It is immaterial that the insurance company may to some extent be interested in the subject-matter of the controversy, for although it could not have filed a bill of interpleader, it was in a position to ask and receive equitable relief. While the assertion of perfect disinterestedness is an essential ingredient of a bill of interpleader, no principle of equity jurisprudence is violated by permitting a party in interest to file a bill of *that nature* to ascertain and establish his own rights, where there are conflicting rights between third persons. *Groves* v. *Sentell,* 153 U. S. 465, 38 L. ed. 785, 14 Sup. Ct. Rep. 898; *Provident Sav. Life Assur. Soc.* v. *Loeb,* 115 Fed. 357; *McNamara* v. *Provident Sav. Life Assur. Soc.* 52 C. C. A. 530, 114 Fed. 910; 11 Enc. Pl. & Pr. 479. The answer of the insurance company was in effect a cross bill in which, as we have seen, affirmative relief was prayed; and, as it shows equities in the nature of an interpleader, relief should be granted.

The parties are all before the court. A substantial part of the fund has been redeposited, and, in the event of a decree in favor of the trust company for a sum in excess of that part, it necessarily would follow that Mrs. Tiffany should return that excess. In case of her inability to respond to the order of the

D. C.]                          Dissenting Opinion.

court to that effect, Mr. Gardiner should make up the deficiency.
Should he be unable to respond, a contingency not even sug-
gested, the insurance company would be compelled to do so.
In the event of a decree in favor of Mrs. Tiffany, the balance
of the fund would be in the registry of the court to satisfy the
decree. It thus appears that a single action will determine the
rights of all the parties and permit full justice to be done.

To the contention of the trust company that it was error for
the court to enter the decree prior to the expiration of the time
allowed to file its answer, little need be said, for the matter
should have been brought to the attention of the court below. It
would be trifling with justice to permit an advantage to be taken
of such an obvious inadvertence. Moreover, it is apparent that
the question which the trust company desired to raise was that
of jurisdiction, which was made the subject of its special plea.

The decree, as modified by this opinion, is affirmed, with
costs.                                              *Affirmed.*

Mr. Chief Justice SHEPARD dissenting:

I am compelled to dissent from the opinion of my brothers in
this case.

The two appeals, which have been heard together, are from
a decree sustaining a bill in the nature of a bill of interpleader
filed by W. Gwynn Gardiner against the Pittsburgh Life &
Trust Company, the Royal Trust Company, executor, and Anna
B. Tiffany.

The decree against the Royal Trust Company is in the nature
of an interlocutory order, and appeal was granted on appli-
cation.

The second appeal was taken by Anna B. Tiffany from the
same decree.

The bill of W. Gwynn Gardiner recites that the defendant
Pittsburgh Life & Trust Company issued two policies of insur-
ance, insuring the life of one Harry Tiffany for the sum of
five hundred ($500) dollars and one thousand ($1,000) dollars,
respectively, which policies were made payable to the said Anna

Vol. XLIV.—37.

B. Tiffany as the beneficiary named therein; that Harry Tiffany departed this life on, to wit, the 5th day of May, 1913, in the District of Columbia, and due proofs of his death were furnished the defendant Pittsburgh Life & Trust Company by defendant Anna B. Tiffany, which proofs were accepted by said defendant as proper and sufficient proofs of said death, whereupon the full amount of said policies forthwith became due and payable by the said company. During the latter years of the life of said Harry Tiffany he was in bad health, and the said J. Try Davies, who has since died, leaving the Royal Trust Company as executor of his estate, made certain advances for the payment of premiums on said policies and certain other sums so advanced by said Davies to said Anna B. Tiffany, as plaintiff was advised, all of which sums were, as plaintiff is informed by her, fully repaid by the said Anna B. Tiffany to the said Davies in his lifetime. At the time of the said advances so made, the said Anna B. Tiffany assigned the said policies to said J. Try Davies as security therefor, but after their repayment she failed to receive and record the reassignment of said policies, to which she was entitled. After the making of said advances and the repayment thereof by said Anna B. Tiffany, said Try Davies died, and the Royal Trust Company of Montreal was duly appointed executor of his estate, and thereafter made claim to the proceeds of said policies, demanding the amount due thereunder from the said Pittsburgh Life & Trust Company, whereas, plaintiff avers, upon information and belief, the said Royal Trust Company of Montreal, executor aforesaid, was not entitled thereto, and thereafter, on the 19th day of December, 1913, the defendant Anna B. Tiffany, through plaintiff acting as her attorney, filed her bill in this court against the defendants Pittsburgh Life & Trust Company and the Royal Trust Company of Montreal as executor of the said J. Try Davies. The said Pittsburgh Life & Trust Company, at the request of plaintiff, caused its answer to be filed in said cause, wherein it declared that it held the proceeds of said policies for whomsoever should be entitled thereto, and thereafter, by order of this court passed in said cause, defendant paid the full

sum due under said policies, and each of them, amounting to $1,526.73, in the registry of this court, and the defendant Royal Trust Company of Montreal caused its special appearance to be entered in said cause and said bill to be dismissed as to it because of the lack of jurisdiction of this court over it as executor of the estate of said J. Try Davies, and this court subsequently passed an order directing the said sum to be paid to plaintiff as attorney for said Anna B. Tiffany, which sum, less poundage, was received by him in said cause from the registry of this court.

Thereafter the defendant Royal Trust Company of Montreal, as executor of the estate of the said Try Davies, filed its suit in this court through its duly constituted attorneys Ralston & Richardson against the defendant the Pittsburgh Life & Trust Company, wherein it sought to recover the said sum of $1,526.-73, proceeds of said policies, though it had refused to litigate its rights in said equity cause filed by defendant Anna B. Tiffany as aforesaid, and the defendant Pittsburgh Life & Trust Company has pleaded thereto, and the said cause is now pending in this court.

Plaintiff received said sum from the registry of this court as aforesaid, and of the proceeds thereof paid the sum of $600 to said Anna B. Tiffany, with the understanding and agreement that she should repay the same to plaintiff, or to said defendant Pittsburgh Life & Trust Company, in the event it was found that she was not entitled thereto, and thereafter he deposited with the attorneys for the said Pittsburgh Life & Trust Company the sum of seven hundred and seventy-one dollars ($771), which is now under the control of plaintiff, in that the said defendant has expressed its willingness that the full amount so received by plaintiff as aforesaid shall be redeposited in the registry of this court by it; the balance being in the hands of plaintiff, which he desires to deposit in the registry of this court subject to its disposition.

Plaintiff is advised that the situation has now been created which entitles him to the aid and protection of this court by the institution of this suit in the nature of a bill of interpleader,

wherein, upon proper pleadings, all of the parties interested may be heard and their rights finally adjudicated. The defendant Royal Trust Company of Montreal is claiming from the defendant Pittsburgh Life & Trust Company the full amount due under said policies. Defendant Pittsburgh Life & Trust Company is claiming from the plaintiff, as aforesaid, the proceeds of said policies, and the defendant Anna B. Tiffany is claiming from this plaintiff the full amount received by him from the registry of this court aforesaid, and he is liable to be subjected to several suits in the outcome of which he is in nowise interested. He is advised that he has the right to pay in this court the amount now in his hands, and to require the amount so placed with the attorneys for the said defendant Pittsburgh Life & Trust Company to be likewise paid into the registry of this court, and to require the said Anna B. Tiffany to pay the sum of $600 into the registry of this court, and also to restrain the said Royal Trust Company from prosecuting its said suit at law against the Pittsburgh Life & Trust Company, and that in the event it be held by this court that the said Anna B. Tiffany has wrongfully received the said sum of $600, that a decree be entered herein directing her to repay said sum to the party entitled thereto.

Plaintiff is without interest in the proceeds of said policies, and, without co-operation with any of the defendants, files this bill and avers that he is entitled to be allowed to pay into the registry of this court the said sum of nine hundred dollars ($900), and, upon said payment being made, to be fully released and discharged from all further liability to any of the parties to this cause, and that the said defendants should be required to appropriately interplead among themselves and maintain their respective rights in such manner as the court will require. He prays that he may be allowed to pay into the registry of this court the said sum of $926.73, less poundage, now under his control; that upon making said payment the plaintiff may be relieved from all further liability to any of the parties to this cause with respect to any part of the said sum of $1,526.73 received by plaintiff under the aforesaid order in

said equity cause; that defendants may be required to appear in this cause and interplead in such manner as the court will deem necessary to produce the requisite and appropriate issues in this cause; that the defendant Royal Trust Company of Montreal be enjoined *pendente lite* from prosecuting its suit at law against the defendant Pittsburgh Life & Trust Company, pending the final determination of this cause, and that upon final hearing of said cause it may be permanently enjoined. That defendant Anna B. Tiffany be required to deposit the $600 so received by her into the registry of this court to await the final determination of this cause.

Rule to show cause was served upon the attorneys for the Royal Trust Company in the action at law, and on the Pittsburgh Life & Trust Company, and on Anna B. Tiffany.

The Royal Trust Company objected to the jurisdiction of the court. The Pittsburgh Life & Trust Company filed an answer in which it admitted generally the allegations of the bill. It alleged specially that at the time of the bill of Anna B. Tiffany both she and the Royal Trust Company, as executor, were claiming the proceeds of said policies, and it had no means of ascertaining who was entitled thereto; that after the beginning of the suit by Anna B. Tiffany it was advised by the attorney for said Anna B. Tiffany, who is the plaintiff herein, to pay the money into court, that the claimants might litigate and ascertain to whom the money was belonging; that it was informed by said attorney that he had obtained an order directing it to pay said money into the registry of the court, and that such payment would relieve it from any further liability; and acting upon the information so given, it paid into court the amount of said policies under the belief that it was relief of further liability. Subsequently it learned that an order had been passed dismissing the bill as to the Royal Trust Company, and that plaintiff herein had obtained an order directing the clerk of the court to pay over to him the said sum so deposited; that the order to pay the money over to plaintiff as attorney was obtained without notice to the Pittsburgh Life & Trust Company and was improvidently passed; that it admitted that the sum

of $771 was deposited with its attorneys as security to protect this defendant, and is under its control, and is ready and willing to pay said sum into court if it can be protected in the premises. It admits plaintiff's right to file a bill in the nature of a bill of interpleader, and consents that the claimants to said sum shall litigate the subject-matter of their claim thereto. That at the time of instituting the equity suit it was liable for the payment of the sum of $1,542.15 under said policies of insurance, and had received proofs of death of insured. The proceeds of said policies were claimed by each of the defendants Anna B. Tiffany and the Royal Trust Company, as executor of J. Try Davies. Defendant had no interest in the proceeds except to pay to the person entitled thereto, and had no knowledge or means of knowledge as to the same, but was informed by the plaintiff that, acting as attorney for said Anna B. Tiffany, he had filed said suit, and it was requested to pay the money into court, and was informed that by so doing it would be relieved from further liability, and this litigation would thereafter be between the said Anna B. Tiffany and the said Royal Trust Company, as executor. Acting upon this information, believing it to be true, and without making any investigation, it paid said money into court, and it avers that the money was withdrawn therefrom without proper notice to it, and plaintiff is liable for the said sum. That the said Royal Trust Company has begun suit at law against the defendant seeking to recover the amount of said policies; that he has no right thereto and defendant has no means to discover or ascertain the facts; that Anna B. Tiffany is liable to the defendant for the sum of $600 paid over to her. Defendant files this suit by way of cross bill, and prays that the Royal Trust Company be forever enjoined from prosecuting its said action at law against this defendant, and that the plaintiff be required to pay into court the sum of $1,542.15, wrongfully withdrawn, this defendant offering to surrender the sum of $771 so held by it as before recited; that Anna B. Tiffany be required to pay into court the sum of $600 as aforesaid.

Anna B. Tiffany answered admitting the general facts con-

tained in the bill, and alleging specially that J. Try Davies, deceased, was a relation of hers, and during his life had made gifts to her and her son, and in the same spirit had paid premiums on the policies aforesaid to keep the same in force for her benefit. That she transferred said policies to him to protect herself from the improvidence of her husband, and not as security for any debt; that she also borrowed certain money from said Davies which was afterwards repaid, but the note given for said loans was, by inadvertence, not returned to her, and she was afterwards informed by said Davies that the note had been destroyed. That if any payments have been made by said Royal Trust Company on account of premiums for her benefit the same were made as continued gifts by said Davies, and said executor well knew defendant has never agreed to reimburse it thereafter. She admits that the said sum of $600 was received from plaintiff as her right, but never agreed to repay the same. She denies that plaintiff has any right to said sum of $771, or to use the same for the purpose alleged by him, the same belonging to her, and should be paid to her.

May 26, 1915, the court rendered a decree as follows:

1. That the plaintiff pay into the registry of this court the sum of $128.22, the amount now in his hands, less the costs of filing the original bill herein.

2. That the defendant Pittsburgh Life & Trust Company cause to be paid into the registry of this court the sum of $771.04 heretofore deposited with it by said plaintiff, as shown by its answer filed herein.

3. That the defendant Anna B. Tiffany pay into the registry of this court the sum of $600, the amount received by her from plaintiff, as set forth in said bill.

4. That, in accordance with the original bill and with the affirmative relief prayed by the defendant, Pittsburgh Life & Trust Company, the defendant Royal Trust Company of Montreal, as executor of the estate of J. Try Davies, deceased, its agents and attorneys, are hereby restrained, during the pendency of this suit, from in any manner prosecuting its action

at law, No. 56,800, in this court, against the defendant Pittsburgh Life & Trust Company.

5. That the defendants Anna B. Tiffany and the Royal Trust Company of Montreal, as executor of the estate of J. Try Davies, deceased, interplead to determine the owner of the said funds so ordered to be paid into court as aforesaid, and that the defendant Royal Trust Company of Montreal, executor of the estate of J. Try Davies, deceased, be plaintiff in such interpleader, and the said Anna B. Tiffany be defendant.

I am unable to perceive what right the plaintiff has to maintain this so-called bill in the nature of an interpleader; it has none of the elements of interpleader.

The parties interpleaded did not claim the same debts or duty from the plaintiff. The Royal Trust Company had no claim against him or the fund in his hands; its claim is against the Pittsburgh Life & Trust Company on the policies. If the Pittsburgh Life & Trust Company had any claim against the plaintiff it was for money deposited by it in the court and drawn by plaintiff, as attorney for the complainant, under an interlocutory order. There had been no final decree awarding the money to plaintiff's client. The payment by the Pittsburgh Life & Trust Company into the registry of the court was ill-advised, and an act of gross negligence. The plaintiff, acting as attorney for Mrs. Tiffany, obtained an order from the court permitting the money to be paid to him. He then knew that the service on the Royal Trust Company had been quashed, and that no decree had been, or would be, rendered settling the rights to the proceeds of the policies. He was an intermeddler and has himself only to blame for the situation. He has no equity against any of the parties unless it be his former client, Mrs. Tiffany. None of the cases cited in the opinion of the court is authority for the position taken. In every one of them there was an equitable situation growing out of the conditions of the case and produced by no negligence of the parties. The situation called for equitable interference. The case chiefly relied on is *Pease* v. *Supreme Assembly Royal Soc. G. F.* 176 Mass. 506, 57 N. E. 1003. A certificate of insurance had been reg-

ularly issued to the member payable to "his family or as he may direct." He had no wife or family, and died without making a designation. Before his death the society amended its by-laws providing that if a member shall make no designation of the beneficiary before his death the insurance shall be paid to his next of kin. Joel Barnard, as executor of the deceased member, had possession of the certificate. The society admitted its liability for the full amount of the certificate to whomsoever might be entitled thereto. The other claimant was the next of kin of the member. The society in this case would undoubtedly have been entitled to a strict bill of interpleader had it filed one. The bill was filed by the next of kin, making the society and the executor parties. It was held that the bill would lie and the next of kin was entitled to recover.

Evidently that case gives no support to this bill. The question of the right of the Royal Trust Company to be dismissed from the former suit is not involved, and it is not necessary to consider whether it was a proper party to the first bill. Had the Pittsburgh Life & Trust Company held its money until the Royal Trust Company filed its action at law upon the policies, it would have been entitled to the bill of interpleader, and could have discharged itself from further liability by depositing the money in court. Instead it recklessly, and with undue haste, deposited the money in the suit of Anna B. Tiffany, without inquiring into the jurisdiction of the court over its codefendant, the Royal Trust Company. The Royal Trust Company, as it had the right to do, brought its action against the Pittsburgh Life & Trust Company on the policies as assignee and holder thereof. It has a prima facie right to recover the face value thereof with interest. If Anna B. Tiffany has an equitable right to a part of that recovery, she has her remedy for a settlement. By the decree which has been formed its right is reduced to a recovery of the amount of the money withdrawn by plaintiff from the court less poundage fees, costs, and expenses; and for $600 of this amount it is remitted to the decree against Anna B. Tiffany, who is confessedly insolvent. I consider it a great injustice to stay his action at law. If any

remedy the Pittsburgh Life & Trust Company has, it is against the plaintiff to direct the return of its money into the court in the original suit, and to have this deposit returned to it, but this does not concern the Royal Trust Company. If the plaintiff be not able to secure the return of the money from Anna B. Tiffany it will be the result of his own heedlessness.

In my opinion the decree should be reversed with costs, and the bill dismissed.