### In re GOYETTE & LAVIGNE.

#### (District Court, D. Massachusetts. March 10, 1917.)

#### No. 22432.

1. BANKRUPTCY ⬤�き155—LIABILITIES OF TRUSTEE.

Bankrupts before their bankruptcy made a general assignment, and the assignee sold their property, consisting of a shop and contents, including a cash register and other articles held by bankrupts under conditional sale contracts which reserved title in the sellers. After the bankruptcy the assignee paid over the money in his hands to the trustee. The sellers of such articles made demand for the same of the purchaser, and in order to retain them he paid the balance due thereon and filed a claim therefor against the trustee. *Held* that, it not appearing with any certainty that the fund received from the assignee was increased by the fact that the property was not sold subject to the contracts, or, if so, to what extent, such fund was not impressed with any lien or trust in the hands of the trustee, and that claimants' remedy, if any, was against the assignee.

2. BANKRUPTCY ⬤�き155—LIABILITY OF TRUSTEE—TRUST FUND—RELATION TO COMMON-LAW ASSIGNEE.

The mistake of a common-law assignee in selling articles of personal property to which his assignor had no title, while it renders him personally liable, imposes no trust or lien in favor of the purchaser on the proceeds in the hands of a subsequently appointed trustee in bankruptcy.

In Bankruptcy. In the matter of Goyette & Lavigne, bankrupts. Review of order of referee disallowing certain claims. Affirmed.

⬤⟃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Victor E. Runo, of Worcester, Mass., for Patrick J. Leary.

M. L. Katz, of Worcester, Mass., for National Cash Register Co.

Charles T. Tatman, of Worcester, Mass., for E. W. Ham Electric Co.

David F. O'Connell, of Worcester, Mass., for trustee.

MORTON, District Judge. This is a review by certain claimants of a decision by the referee disallowing their claims.

The evidence is not reported, and the facts are not very fully stated by the referee, but from his certificate and the statements of counsel at the hearing in these petitions they appear to be as follows:

The bankrupts prior to their bankruptcy had made a common-law assignment. Under this assignment the assignee took possession of and sold out in block the property assigned consisting of a shop and its contents. Among the contents were a safe, a cash register, and certain electric fixtures, which had been bought by the bankrupt on conditional sales under which the title remained in the vendors until the property was paid for. The assignee made an absolute sale of all these things (except for a certain mortgage which was assumed by the buyer), and conveyed, or attempted to convey, them to the buyer by a bill of sale in usual form with covenants warranting the title. On the appointment of the trustee in bankruptcy the common-law assignee settled up his account with him and paid over, under order of the bankruptcy court, the balance in his (the assignee's) hands, which was accepted by the trustee.

After the sale and delivery by the assignee to the buyer some of the original vendors of the articles mentioned made claim on the buyer for their goods; and in order to retain them he was forced to pay the balance due on the conditional sales. He thereupon presented this claim to the trustee (not the assignee) for reimbursement. Claims were also presented against the estate in bankruptcy for allowance as preferred or secured by some of the original vendors. All were disallowed by the referee. The assignee is not a party to the present proceedings.

[1] As to the claim of the buyer: Obviously, to entitle him to maintain it, he must show that he has a legal or equitable right to reimbursement from the estate in bankruptcy. The payment by him was not made at the request, express or implied, of the trustee, nor to redeem property sold by the trustee; there is no privity of contract between the trustee and the buyer. The latter dealt only with the common-law assignee, against whom he has a full and complete remedy.

The buyer contends that, if the existence and amount of the specific claims on the property here in question had been made known before the sale by the assignee, the sum realized by him would have been correspondingly reduced; that the assignee would have turned over just so much less to the trustee; and that there therefore came into the hands of the trustee a sum which must be regarded as the value of the outstanding titles, and which can be followed.

It is doubtful whether the sum in the hands of the trustee has been so increased. There is no finding to that effect by the referee. The

property here in question was sold as part of a much larger amount and in connection with a going business. The assignee had no power to sell it free from liens, and did not undertake to do so. It is a rather violent assumption to say that, if these outstanding claims had been made known at the time of the sale, the price realized would have been reduced by just the amount required to pay them off. Moreover, the gross sum received by the assignee was reduced by charges in connection with the assignment and sale, including his own charges for services, so that only a part of the sale price reached the trustee.

[2] Passing over these difficulties, the assignee's mistake as to his ownership of the articles here in question, and his selling them when he had no right to do so, imposed a liability on him, but one of a purely personal character. What was done impressed no trust or lien in the buyer's favor on the proceeds of the sale, even in the hands of the common-law assignee, and, of course, not on the part of those proceeds that reached the trustee. The claimant is not entitled to recover upon any theory of following the property.

The claim is also supported in argument upon the ground that it avoids circuity of action. It is contended for the buyer that he had the right to sue and recover from the assignee; that the assignee would then have the right to reopen his settlement with the trustee and obtain to some extent at least reimbursement for such sums as the buyer might have recovered from him; and that the buyer may therefore proceed directly against the trustee. The right of the buyer against the assignee is either for breach of warranty or for partial failure of consideration; the right of the assignee against the trustee is of a wholly different character, namely, to recover back money paid under a mistake of fact. It is to be noticed that there is no fund held by a third person, to which two or more parties made claim, as to which see Pease v. Supreme Assembly, etc., 176 Mass. 506, 57 N. E. 1003, and that it is not the case of a single transaction where one judgment will settle the rights of numerous parties interested in it. See Carr v. Silloway, 105 Mass. 543. The situation is that one party has the right to recover of another, who in turn has possibly the right to recover over against a third; the legal principles on which recovery could be had being entirely dissimilar in the two claims, and presenting no common ground of action. Such a case does not come within the doctrine relating to circuity of action or multiplicity of suits. Gould v. Gould, 5 Metc. (Mass.) 274.

The principles above stated are equally decisive against the claims of the original vendors who are in a weaker position than the buyer, because they can still retake the property.

I have found the case a difficult one, and not free from doubt; but for the reasons stated I conclude that the decision of the referee is right, and it is affirmed.